F. A. P. JONES, *Plaintiff in Error,* v. THE MANITOWOC
SHIPBUILDING AND DRY DOCK COMPANY, A CORPORATION,
*Defendant in Error.*

## Opinion Filed May 27, 1913.

Where in an action at law upon certain negotiable notes which
were executed by the defendant to a corporation, and by it
were endorsed to the plaintiff, and the case was finally tried
by the Circuit Court upon an agreed statement of facts, which
contains the following: "The defendant admits that the plain-
tiff, Manitowoc Shipbuilding & Dry Dock Company, a corpora-
tion, acquired said notes described in plaintiff's declaration,
in due course for value, having acquired said notes for a
valuable consideration, before maturity without knowledge
of what the consideration of said notes was or of any alleged
failure of such consideration;" and where demurrers to pleas
were sustained setting up that the notes were given in pur-
chase of stock in the corporation, which endorsed them to
the plaintiff, that it was represented the said notes would
not be negotiated, that no stock or other consideration was
given the defendant for the notes, the rulings on the demur-
rers to the pleas, present no ground for reversal, as plaintiff
is a holder in due course under the Negotiable Instrument
law, and took the notes free from defenses which might be
available between the original parties to the transaction.

Writ of error to the Circuit Court of Dade County.

Judgment affirmed.

*Shutts, Smith & Bowen,* for Plaintiff in Error;

*Hudson & Boggs, and Price & Railey,* for Defendant in
error.

HOCKER, J.—The defendant in error, to which reference
herein will be made as the plaintiff, brought an action

at law against the plaintiff in error, herein called the defendant, in the Circuit Court of Dade County on five promissory notes, the first payable on May 1st, 1911, and the others respectively on the first of the four following months. They were all alike, and payable to order.

It is alleged in the declaration that the plaintiff became the holder of these notes by endorsement to it by the Merchants & Planters Transportation Company for value and before maturity.

Several pleas were filed to the declaration, to which demurrers were sustained. The ruling on two of them is assigned as error. The first plea is to the effect that the notes sued on were given to the Merchants & Planters Transportation Company on the 28th of October, 1910, in purchase of stock of said corporation; that it was represented to the defendant that the notes would not be negotiated; that no stock or other consideration was given to the defendant for the notes; that plaintiff took the notes by endorsement with full knowledge of these facts. The second plea alleges that the notes are void for the reason that they were given in payment for stock in said Merchants & Planters Transportation Company. Several amended pleas were filed, to which demurrers were interposed, but owing to the terms of a "stipulation and agreed statement of facts" upon which the case was submitted to the trial judge, and upon which his judgment was based, no questions upon them are presented here. One of them alleges that the notes were endorsed to the plaintiff. The fifth paragraph of the agreed statement of facts upon which the case was tried is as follows:

"5th. The defendant admits that the plaintiff, Manitowoc Shipbuilding & Dry Dock Company, a Corporation,

acquired said notes described in plaintiff's declaration, in due course for value, having acquired said notes for a valuable consideration, before *maturity without knowledge of what the consideration of said notes was or of any alleged failure of such consideration.*"

It also appears from the record that the defendant was a Director in the Merchants & Planters Transportation Company. Under these circumstances the defenses of *ultra vires* and of constructive notice of the limited powers of the corporation in selling its stock are nugatory.

The admitted facts make the plaintiff a holder in due course under our negot'able instrument law. See especially Sections 2985, 2989, and 2990, Gen. Stats. of 1906. Under the last section "a holder in due course holds the instrument (negotiable) free from any defect of title of prior parties and free from defenses available to prior. parties among themselves and may enforce payment of the instrument for the full amount thereof against all parties liable thereon." So the defendant, whatever might be his rights if the action was between him and the Merchants & Planters Transportation Company, presents no defense to this action by the plaintiff.

We think it is immaterial upon the agreed facts whether or not the court erred in its ruling on the pleas; that it did not err in entering judgment against the defendant on the stipulation of fact and the testimony of the witness in the case (who was the defendant) and on the law applicable thereto "as disclosed by the 2nd and 3rd pleas," nor did it err in not granting the motion for a new trial, as there is no testimony in the record altering the effect of the stipulation of fact which is above set.

forth, and there is no certificate that the record contains all the evidence.

The judgment below is affirmed.

SHACKLEFORD, C. J., AND TAYLOR, COCKRELL AND WHITFIELD, J. J., concur.