George F. Dicks, *Plaintiff in Error*, v. J. R. Johnson, *Defendant in Error*.

Opinion Filed November 11, 1913.

In an action solely between endorser and his immediate endorsee of a negotiable instrument, a want or failure of consideration may constitute a good defense.

Writ of error to Circuit Court, Columbia County; Mallory F. Horne, Judge.

Judgment reversed.

*Palmer & Palmer*, for Plaintiff in Error;

*Gillen & Hodges*, for Defendant in Error.

Whitfield, J.—Johnson brought an action against Dicks on a promissory note payable to Dicks or bearer,

upon an allegation "that the defendant, George F. Dicks, endorsed the said note to the plaintiff herein, and the said note was not paid by the joint and several makers thereof, whereof the defendant had due notice of the same, but did not pay the said note to the plaintiff."

Among others the following plea was filed:

"And for a second plea defendant says the endorsement of this defendant upon said note, is wholly without consideration because defendant says that his endorsement on said note was procured by J. R. Johnson, Agent as aforesaid, and the endorsement was made on the note by the defendant and delivered to the said J. R. Johnson, Agent, for said Florida Soap Works upon the express agreement that said defendant should receive in payment for said endorsement 16 shares of the preferred stock and 8 shares of the common stock of the Florida Soap Works, a corporation then being organized, though incomplete, under the laws of the State of Florida, with the capital stock of $50,000 of which $15,000 was to be preferred and bear interest at the rate of 8 per cent per annum, and which should be cumulative both as to interest and assets; that upon the completion of the organization the said 16 shares and 8 shares as aforesaid should be delivered to this defendant, and his receipt for the endorsement of defendant upon said note so delivered to him should be redeemed. And defendant says that at the beginning of this action said organization was not completed and no stock of the Florida Soap Works has ever been delivered to this defendant, nor has anything of value ever been obtained by plaintiff or any one else for said endorsement of said note. And defendant says that there is a total failure of consideration for said endorsement upon said note by this defendant, and defendant hereby invokes the copy of the agreement, in

first plea set out, between defendant and Florida Soap Works as part of this plea. And defendant says that the plaintiff was the Agent of the Florida Soap Works, made contract with defendant, signed his name to said agreement as Agent, and at the beginning of this suit had full knowledge that no consideration had past to defendant for his endorsement upon said note. Wherefore defendant says that there was a total failure of consideration for his endorsement on said note."

The following is the receipt referred to:

"Jacksonville, Fla., Dec. 8th, 1912.

Received of George F. Dicks, address, Lake City, Fla., R. F. D. No. 4, $160.00, payment in full for 16 shares of the preferred and 8 shares of the common stock of the Florida Soap Works, a Corporation now being organized under the laws of the State of Florida, with the Capital Stock of $50,000, of which $15,000 shall be preferred and bear interest at 8 per cent per annum, and which shall be cumulative both as to interest and assets. Upon completion of the organization this receipt shall be redeemed for 16 shares of the preferred and 8 shares of the common stock of the Corporation, at par value of $10.00 per share.

Charles E. Stratton,
Secretary & Treasurer.

J. R. Johnson, Agent."

All pleas are held insufficient on demurrer, and there was judgment for the plaintiff, to which a writ of error was taken by the defendant.

The Negotiable Instrument Statute provides that a holder in due course of a negotiable instrument takes in good faith and for value and before it is overdue. Sec. 2985, Gen. Stats. of 1906. Absence or failure of consideration is matter of defense as against any person not

a holder in due course,, Sec. 2962 Id. In the hands of any holder other than a holder in due course, a negotiable instrument is subject to the same defenses as if it were not negotiable. Sec. 2991 Id. In an action solely between endorser and endorsee of a negotiable instrument, a want or failure of consideration may constitute a good defense. 8 Cyc. 32; Ogden on Negotiable Instrument, p. 66.

While the plea above quoted is not perfect in its terms, it cannot be said to be wholly insufficient as a basis for proofs of a want or failure of consideration that would show a defense to the action.

The judgment is reversed.

SHACKLEFORD, C. J., AND TAYLOR, COCKRELL AND HOCKER, J. J., concur.