BERRYHILL-CROMARTIE COMPANY, A CORPORATION, *Plaintiff in Error*, v. MANITOWOC SHIPBUILDING & DRY DOCK COMPANY, A CORPORATION, *Defendant in Error*.

Opinion Filed November 18, 1913.

While the judicial act of directing a verdict is a delicate one and should be cautiously exercised, yet where there is positive evidence that a plaintiff is a *bona fide* holder for value in due course of unpaid negotiable notes, and there is no substantial evidence to the contrary, and no valid defenses are shown, the court will not be held in error for directing a verdict for the plaintiff.

Writ of error to Circuit Court, Dade County; L. W. Bethel, Judge.

Judgment affirmed.

*J. L. Billingsley,* for Plaintiff in error;

*Hudson & Boggs,* and *Price & Railey,* for Defendant in error.

WHITFIELD, J.—The action herein was brought by the defendant in error upon promissory notes executed by the Berryhill-Cromartie Company to the order of Merchants & Planters Transportation Co., it being alleged that "the plaintiff, said Manatowoc Shipbuilding & Dry Dock Company became the holders of said notes by endorsement to it by the said Merchants & Planters Transportation Company for value and before the notes were overdue. But the defendant, the said Berryhille-Cromartie Co., did not pay the same." The declaration also contained the common counts. A demurrer to pleas of failure of consideration and of *ultra vires* was sustained, Another similar plea of failure of consideration was filed, in which it is averred that "all of which the plaintiff herein had notice and knowledge before the said supposed notes were negotiated to it, and it is not a holder in due course." Trial was had on this plea. The court directed a verdict and judgment for the plaintiff, and the defendant took writ of error.

There was no error in sustaining the demurrer to the plea of *ultra vires* as the charter powers of the defendant are not set out and the notes are in the hands of a third party apparently a holder in due course.

Sections 2985 and 2992 of the General Statutes of 1906, provide as follows

"A holder in due course is a holder who has taken the instrument under the following conditions:

1.    That it is complete and regular upon its face;

2.    That he became the holder of it before it was overdue, and without notice that it had been previously dishonored, if such was the fact;

3.    That he took it in good faith and for value;

4.    That at the time it was negotiated to him he had no notice of any infirmity in the instrument or defect in the title of the person negotiating it."

"Every holder is deemed prima facie to be a holder in due course; but when it is shown that the title of any person who has negotiated the instrument was defective, the burden is on the holder to prove that he or some person under whom he claims acquired the title as a holder in due course. But the last mentioned rule does not apply in favor of a party who became bound on the instrument prior to the acquisition of such defective title."

The holder of the notes is by statute deemed *prima facie* to be the holder in due course, and there is positive evidence that the plaintiff took the notes for value and without notice or knowledge of any failure of consideration, while there is no substantial evidence to sustain the plea that the plaintiff is not a holder in due course. Under these circumstances the liability of the defendant seems apparent. See Jones v. Manatowoc Shipbuilding & Dry Dock Co., 65 Fla. 467, 62 South. Rep. 590; 8 Cyc. 233.

While the judicial act of directing a verdict is a delicate one and should be cautiously exercised, it cannot be said that the trial judge committed an error in directing

a verdict for the plaintiff in this case when the plaintiff is by statute *prima facie* a holder for value of a negotiable note which is supplemented by positive evidence, and there is no substantial evidence to sustain the plea that at or before the endorsement of the notes to it, the plaintiff had notice and knowledge that the notes were issued to the payee without consideration.

The judgment is affirmed.

SHACKLEFORD, C. J., AND TAYLOR, COCKRELL AND HOCKER, J. J., concur.