ROESS LUMBER COMPANY, a Corporation, *Plaintiff in Error,* v. STATE EXCHANGE BANK, a Corporation, *Defendant in Error.*

Opinion Filed November 24, 1914.

1. One who gives a note in renewal of another note, with knowledge at the time of a partial failure of the consideration for the original note, or false representations by the payee, etc., waives such defense, and cannot set it up to defeat a recov-

ery on the renewal note. And where one giving such renewal note either had knowledge of such facts and circumstances, or by the exercise of ordinary diligence, could have discovered them and ascertained his rights, it became his duty to make such inquiry and investigation before executing the renewal note, and if he fails so to do he is as much bound as if he had actual knowledge thereof.

2. The established rule is that knowledge acquired by the officers or agents of a corporation, while not acting for the corporation, but while acting for themselves is not imputable to the corporation.

Writ of Error to Circuit Court for Marion County; W. S. Bullock, Judge.

Judgment affirmed.

*H. M. Hampton,* for Plaintiff in Error;

*R. T. Boozer,* for Defendant in Error.

SHACKLEFORD, C. J.—The State Exchange Bank, a corporation, brought an action at law against the Roess Lumber Company, a Corporation, upon a promissory note, alleged to have been executed by the defendant to the order of Bardin & Brown, a firm composed of F. F. Bardin and D. W. Brown, which note, before maturity for value was endorsed and transferred by Bardin & Brown to the plaintiff. Six pleas were filed to the declaration. The plaintiff joined issue upon two of the pleas and filed replications to the other pleas, to which replications the defendant interposed a demurrer, which was overruled, whereupon the defendant filed a rejoinder and a trial was had before a jury, which resulted in a verdict and judgment in favor of the plaintiff. Ten errors are assigned, but the plaintiff

in error, who was the defendant in the court below, concedes in its brief that only two points are presented to this court for determination, therefore we shall confine ourselves to those points.

In its pleas the defendant admits that it executed and delivered to Bardin & Brown the promissory note described in the declaration and upon which the action is based, but denies that such note was endorsed and transferred to the plaintiff by the payee for value before maturity. The defendant further by its pleas avers that such note was executed by it to Bardin & Brown in part payment for cypress shingles purchased by the defendant from Bardin & Brown, in pursuance of a certain contract made and entered into by the parties, which contract Bardin & Brown had failed and neglected to carry out and perform, specifications of which are set forth, of which facts the plaintiff had notice and knowledge prior to the time the note was endorsed and delivered to it. In its replications to the pleas the plaintiff alleges that the note which forms the subject-matter of the action was a renewal note, executed by the defendant to take up the original note which it had executed and that at the time of the endorsement and transfer of the note the plaintiff "had no knowledge of the alleged agreement and conditions under which it is claimed by the defendant that said note was executed and delivered." The foregoing is a very condensed statement of somewhat lengthy pleadings, but we think that we have stated sufficient to make this opinion intelligible.

In Padgett v. Lewis, 54 Fla. 177, 45 South. Rep. 29, we held as follows: "One who gives a note in renewal of another note, with knowledge at the time of a partial failure of consideration for the original note, or false representations by the payee, etc., waives such defense,

and cannot set it up to defeat a recovery on the renewal note. And where one giving such renewal note either had knowledge of such facts and circumstances, or by the exercise of ordinary diligence could have discovered them and ascertained his rights it became his duty to make such inquiry and investigation before executing the renewal note, and if he fails so to do he is as much bound as if he had actual knowledge thereof." See also to the same effect Hyer v. York Manufacturing Co., 58 Fla. 283, 50 South. Rep. 485, and Franklin Phosphate Co. v. International Harvester Co., 62 Fla. 185, 57 South. Rep. 206, Ann. Cas. 1913 C. 1247. The plaintiff in error concedes that is a correct statement of the law, but contends that it is not applicable to the instant case for the reason that the defendant, "although aware at the time of the execution of the renewal note, that there had been a failure on the part of Bardin & Brown to carry out their contract, yet executed said note in reliance upon the representations and assurances of Bardin & Brown that they would make good any shortage between the number of shingles furnished and the number required to be furnished by their contract with" the defendant. There are conflicts in the evidence upon this point, therefore it was a matter for the jury to pass upon and determine. Even if this contention of the defendant had been established by the evidence, it may well be doubted whether or not the facts and circumstancs testified to were sufficient to bring the instant case within the exceptions to the general rule laid down by us in the cited cases, such as was recognized in McDaniel v. Mallary Bros. Machinery Co., 6 Ga. App. 848, 66 S. E. Rep. 146. Even in that case we find the following statement of the law: "The defendants, with notice of the defects, renewed one of the notes. Ordinarily this would have closed their mouths from defending fur-

ther on account of the breaches of warranty then exist-
ing." See also the discussion of the rule in Atlanta Con-
solidated Botting Co. v. Hutchinson, 109 Ga. 550, 35 S. E.
Rep. 124; Stewart v. Simon,———Ark.——, 163, S. W.
Rep. 1135; McCormick Harvesting Mach. Co. v. Yoeman,
26 Ind., App. 415, 59 N. E. Rep. 1069; Smith v. Smith, 4.
Idaho 1, 35 Pac. Rep. 697.

It will be observed that this action was not brought by
Hardin & Brown, the payees in the note, but by the State
Exchange Bank, their assignee, which plaintiff claims to
have purchased the note before maturity for value, with-
out any notice or knowledge of the facts and circum-
stances by which the defendant claims it was induced to
execute such renewal note. This being the case, it was
incumbent upon the defendant to establish by the evidence
that the plaintiff did have such notice or knowledge, other-
wise the plaintiff must be held to be a holder in due course,
in accordance with the provisions of Section 2985 of the
General Statutes of Florida, which we had occasion to
discuss somewhat in Taylor v. American National Bank
of Pensacola, 63 Fla. 631, 57 South. Rep. 678; Jones v.
Manitowoc Shipbuilding and Dry Dock Co., 65 Fla. 467,
62 South. Rep. Rep. 590; Dicks v. Johnson, 66 Fla. 306, 63
South. Rep. 700; Berryhill-Cromartie Co. v. Manitowoc
Shipbuilding & Dry Dock Co., 66 Fla. 170, 63 South. Rep.
720. The defendant contends that, as the evidence showed
F. F. Bardin, a member of the firm of Bardin & Brown,
the payees in the note, was president of the State Ex-
change Bank, the plaintiff in this action, whatever notice
or knowledge Bardin had of the transaction between his
firm and the defendant in connection with the execution
of the note must be imputed to the bank of which Bardin
was president. We had occasion to consider this ques-

tion in Aycock Brothers Lumber Co. v. First National Bank of Dothan, 54 Fla. 604, 45 South. Rep. 501, wherein we held adversely to the contention of the defendant, stating that "the knowledge acquired by the officers or agents of a corporation, while not acting for the corporation, but for themselves, is not imputable to the corporation." See the authorities there cited.

No reversible errors having been made to appear to us, the judgment must be affirmed.

TAYLOR, COCKRELL, HOCKER AND WHITFIELD, J. J., concur.