GELLER, WARD & HASNER HARDWARE COM-
PANY, Respondent, v. WILLIAM S. DROZDA,
Appellant.

**St. Louis Court of Appeals. Opinion Filed January 6, 1920.**

1. **BILLS AND NOTES: Indorser: Evidence: Intention to be Bound
in Other Capacity Non Indorser Must Appear From Instrument.** Un-
der section 10033, Revised Statutes 1909, providing that a person
placing his signature upon an instrument otherwise than as maker,
drawer or acceptor is deemed to be an indorser unless he clearly
indicates by appropriate words his intention to be bound in some
other capacity, no matter what prior dealings were had between
the parties, such intention to be bound in another capacity may
be made to appear only by appropriate words written upon the
instrument itself.

2. ———: ———: **Notes Not Made for Accommodation of Indorser:
Indorser Released by Failure to Make Presentment and Give Notice
of Dishonor.** Where it appears that the notes were not made
for the accommodation of the indorser, even though the indorser
was interested in the transaction, he was not an accommodated
party within the meaning of sections 10050 and 10085, Revised
Statutes 1909, as to presentment for payment and notice of dis-
honor, since an accommodation is an arrangement or engagement
made as a favor to another not upon a consideration received,
and such indorser was released from liability by plaintiff's failure
to make due presentment of the paper and to give due notice of
its dishonor.

Appeal from the Circuit Court of the City of St. Louis.
—*Hon. Daniel D. Fisher,* Judge.

REVERSED.

*Alexander R. Russell* for appellant.

(1) Inasmuch as a party to a negotiable instrument
may become liable in one of several different capacities,
the plaintiff is required to show clearly in what capacity
he claims the defendant is liable. Bank v. Umrath, 42

Mo. App. 525;   Barnett v. Nolte, 55 Mo. App. 184; Johnson v. Parker, 86 Mo. App. 660.   (2) Appellant was an ordinary indorser, and entitled to notice of dishonor. R. S. 1909, secs. 10033, 10034;   Overland Auto Company v. Winters, 180 S. W. 561;   Overland Auto Company v. Winters, 210 S. W. 1.

*James E. Reese* for respondent.

(1) No formal pleadings are required in a justice court. R. S. 1909, sec. 7412.  Nor on trial *de novo* in the circuit court;  and in an action on a note, the note filed with the justice is of itself a sufficient cause of action. Maurer v. Phillips, 182 Mo. App. 440.  A complaint filed before a justice of the peace is sufficient if it advises the adverse party of the nature and character of the claim and is sufficiently definite to bar another action for the same subject-matter.  Henry Bromschwig T. T. Co. v. M. K. & T. R. R. Co., 165 Mo. App. 350.  No answer is required in an action before a justice of the peace, the defendant being presumed to plead the general issue. Spelman v. Delano, 177 Mo. App. 28.  In other words, the defendant is presumed to come to court prepared with all the defenses he has, for—where defendant files an answer, it should contain all the defenses relied on. Bowen v. Buckner, 183 S. W. 704.  An action against an endorser of a negotiable promissory note "is founded upon an instrument of writing purporting to have been executed by the defendant," and needs no statement, when begun in a justice court, to supply either substantive or elementary facts.  Davis v. McColl, 184 S. W. 920;  Wardner v. Johnson, 114 Mo. App. 571;  Brittain v. Murphy, 118 M. A. 235.  Since the judgment under review will be a bar to the maintenance of any further action against the defendant on her endorsements, the purposes of the statutory rules of pleading have been fully met.  Davis v. McColl, 184 S. W. 920.  (2) Presentment for payment is not required in order to charge an endorser, where the instrument was made or accepted for his accommodation and he has no reason to expect

that the instrument will be paid if presented. R. S. 1909, sec. 10050. Notice of dishonor is not required to be given to an endorser . . . where the instrument was made or accepted for his accommodation. R. S. 1909, sec. 10085; Belch v. Roberts. 191 Mo. App. 243. Substantial testimony having been given in support of respondent's contention that the notes were gives for appellant's accommodation, the jury was in the best position to judge of the weight and effect of such testimony, and its verdict should not be disturbed. American Union Trust Co. v. Never Break Range Co., 196 Mo. App. 206.

ALLEN, J.—Plaintiff, respondent here, instituted this action before a justice of the peace against defendant Drozda, appellant here, and one Gremer, to recover upon two promissory notes, executed by "Rock Springs Hardware Company, John Gremer," and indorsed by the defendant Drozda. Plaintiff merely filed the notes before the justice of the peace, unaccompanied by any statement or petition. From a judgment entered by the justice of the peace in favor of plaintiff and against both defendants, defendant Drozda prosecuted an appeal to the circuit court where, upon a trial *de novo*, before the court and a jury, there was a verdict and judgment against the last named defendant from which he prosecutes the appeal now before us.

Before any testimony was offered in the circuit court, defendant Drozda made a motion to compel plaintiff to elect in what capacity it sought to hold him liable, whether as maker or indorser. This motion the court overruled, but at the close of plaintiff's case the court required plaintiff to elect upon what theory it would proceed, and it elected to stand upon the theory that the notes were made "for the accommodation of the defendant."

The two notes in suit were executed April 1, 1912, both being payable to plaintiff; one being for $233, due six months after date, with interest at six per cent. per annum, and the other being for $235, due seven months

after date, with like interest. Upon the back of each appeared the indorsement "Wm. S. Drozda;" upon the first mentioned note appeared credits for three payments of $50 each.

The evidence discloses that plaintiff is engaged in the wholesale hardware business in the City of St. Louis, and that the defendant Drozda, at the time here in question, was president of a trust company in said city. It appears that in the latter part of the year 1911 defendant had a store building in said city which he desired to rent; that he had a conversation with the president of plaintiff corporation in regard to getting some desirable man to open a retail hardware store therein, and that as a result of this conversation plaintiff's president procured one Gremer who agreed to conduct a hardware store at this place. It appears that defendant Drozda was anxious to rent the store room, and, on the other hand, that plaintiff desired to obtain a new customer for its wares. Plaintiff supplied the stock of hardware for the new business. There is considerable conflict in the testimony as to what took place in this connection. Plaintiff's president testified that the stock of goods was really sold to defendant Drozda, though it is conceded that the account was carried on plaintiff's books in the name of the "Rock Spring Hardware Company," a name adopted by Gremer at Drozda's suggestion. Gremer testified that he put $400 into the business and was "manager;" but that he conducted it as he saw fit, without any interference or control on the part of defendant Drozda; that he purchased everything for the business, did not confer with Drozda in regard to it, and never accounted to the latter in any way; that when he finally disposed of the business he obtained certain property which he owned at the time of the trial. It appears that the business was conducted until sometime in 1914. When asked why Drozda indorsed the notes Gremer said: "Why to help me out."

The evidence shows that the original stock of goods was obtained in November, 1911, but that there-

after a portion thereof was returned by Gremer to plaintiff. On April 1, 1912, the notes in suit were executed, being two of a series of six notes executed to plaintiff by "Rock Springs Hardware Company, John Gremer," and indorsed by defendant Drozda. The evidence further discloses that the notes in suit were discounted at a bank by plaintiff and that when they respectively fell due they were not paid and plaintiff took them up; that efforts were made by plaintiff to collect from Gremer, and that at various times in 1913 the three payments of $50 each were made on the note for $233. There was no formal presentment of the notes, with demand for payment, when they fell due, nor was Drozda duly notified of their dishonor. There is a conflict in the testimony as to when Drozda learned that the notes remained unpaid, but this is not material. Gremer testified that long after the notes were due he told Drozda that they had been paid.

The theory upon which the case proceeded below, as against this appellant, was that the notes were made for the accommodation of appellant, and that hence presentment and demand for payment and notice to defendant Drozda of their dishonor was not necessary to hold the latter liable as an indorser. The court refused to peremptorily direct a verdict for defendant Drozda. The theory pursued by the trial court will appear from the following instructions given for plaintiff, viz.:

"The Court instructs the jury that if they find and believe from the evidence that the defendant William S. Drozda endorsed the notes in controversy, and the said notes were given for an indebtedness for which defendant Drozda was wholly or partly responsible, then the verdict should be against said Drozda, regardless of whether the notes were presented to Gremer on the dates of their maturity and Drozda notified on the following day or not."

"The Court instructs the jury that if they find and believe that the notes were made for the accommodation

of the defendant (Drozda) and he had no reason to expect that they would be paid by Gremer if presented, then such presentment was not necessary in order to make Drozda liable."

"The Court instructs the jury that notice of dishonor of the notes was not required to be given to defendant Drozda if the evidence convinces you that the notes were made for his accommodation."

On the other hand the court refused an instruction offered by defendant Drozda, by which it was sought to tell the jury that no recovery could be had against said defendant on the note maturing six months after April 1, 1912, unless the jury found that plaintiff, or its authorized agent, presented the note to John Gremer on October 1, 1912, that Gremer failed and refused to pay the same, and that no later than October 2, 1912, plaintiff, or its authorized agent, notified defendant Drozda of the dishonor of the paper. And a like instruction concerning the other note, offered by said defendant, was refused.

Section 63 of our Negotiable Instruments Act, now Section 10033 Revised Statutes, 1909, provides as follows:

"A person placing his signature upon an instrument otherwise than as maker, drawer or acceptor, is deemed to be an indorser unless he clearly indicates by appropriate words his intention to become bound in some other capacity."

And section 64 of said Act, now section 10034, Revised Statutes 1909, provides as follows:

"Where a person, not otherwise a party to an instrument, places thereon his signature in blank before delivery, he is liable as an indorser," etc.

Section 89 of said Act, now section 10059, Revised Statutes 1909, provides as follows: "Except as herein otherwise provided, when a negotiable instrument has been dishonored by . . . nonpayment, notice of dishonor must be given to the drawer, and to each indorser, and any drawer or indorser to whom such notice is not given is discharged."

It follows, then, that no matter what prior dealings were had between the parties, the contract on the part of defendant Drozda here involved, viz., that evidenced by the notes in suit, was such as to constitute him an indorser of the paper. The words of Section 10033, supra, namely, "unless he clearly indicates by appropriate words his intention to be bound in some other capacity," mean that such intention to be bound in another capacity may be made to appear only by appropriate words written upon the instrument itself. "This is a statutory command that the legal effect of a blank indorsement cannot be changed or varied by evidence from another source." [Overland Auto Co. v. Winters, et al.,—Mo.—, 210 S. W. 1, l. c. 2, and cases cited.] And it also follows that unless the indorsement of defendant Drozda was made under circumstances such as to cause it to fall within one of the exceptions otherwise provided in the Negotiable Instrument Act, he is discharged from liability on these notes, since there was no legal presentment for payment and no notice of dishonor was given to him. The exceptions in question are contained in what are now sections 10050 and 10058, Revised Statutes 1909.

Section 10050 provides as follows: "Presentment for payment is not required in order to charge an indorser where the instrument was made or accepted for his accommodation and he has no reason to expect that the instrument will be paid if presented."

Section 10085 provides as follows: "Notice of dishonor is not required to be given to an indorser in either of the following cases: (1) . . . (2) where the indorser is the person to whom the instrument is presented for payment; (3) where the instrument was made or accepted for his accommodation."

As appears above, the theory of plaintiff's learned counsel is that the evidence shows that these notes were made for the accommodation of defendant Drozda, within the meaning of sections 10050 and 10085, supra; and that therefore presentment for payment and notice of

dishonor were unnecessary in order to hold him as an indorser. But this theory is clearly untenable, in view of the recent decision of our Supreme Court in Overland Auto Co. v. Winters, et al., supra. That case, which was certified to the Supreme Court from the Kansas City Court of Appeals, is here directly in point and decisive of the question in hand. The Supreme Court adopts the definition of the term "accommodation given in Black's Law Dictionary, as follows:

"An arrangement or engagement made as a favor to another, not upon a consideration received."

The court then says: "The holding generally of the courts, in considering paper of this character, is not to accept the ordinary definition of accommodation, but to give it a meaning such as the one given by Black. In a sense, every one who makes a note on receiving a consideration for it is the party accommodated. But the expression 'accommodated party' the 'party for whose accommodation the paper is made' is nearly always used by the courts in connection with 'accommodation paper.' There is no accommodated party without his correlative, an accommodation party. The Negotiable Instrument Act does not define accommodation paper, but does define accommodation party in section 10000, Revised Statutes 1909, as one who signs an instrument for the purpose of 'lending his name to some other person.' The 'other person,' necessarily, is the accommodated party."

After quoting from other authorities definitions of the word "accommodation" and of the term "accommodation paper" and "accommodation party," the opinion further proceeds:

"These definitions are in accord with the general trend of authority and show that the courts assign a technical meaning of the word 'accommodation.' The 'party accommodated' is inseparable from accommodation paper, and implies an accommodation party.

"The evidence offered by the plaintiff shows that the defendant was not in that sense an accommodated

party; he was not one for whom anybody gratuitously executed the note. He was accommodated in the sense that he was benefitted by the transaction, but he was not accommodated in the sense that there was a lending of credit to him. He was an ordinary indorser and therefore entitled to notice of dishonor before he could be held, and no notice was given.''

In the case at bar it is quite obvious that the notes were not made for the accommodation of defendant Drozda, in the sense in which that term is defined in Overland Auto Co. v. Winters et al., supra. Indeed there is much evidence tending to show that Drozda loaned his name and his credit to Gremer; but however this may be, even though Drozda was interested in the transaction out of which the execution of the notes grew (as was the indorser, Strang, in Overland Auto Co. v. Winters et al., supra) it is entirely clear that under the foregoing definition of the term ''accommodation'' the notes nevertheless were not made for Drozda's accommodation.

Consequently, since defendant Drozda was an indorser, and since the case is not one falling within the exceptions noted in the Act, he was released from liability by plaintiff's failure to make due presentment of the paper and to give said defendant due notice of its dishonor.

It is unnecessary to discuss the authorities relied upon by respondent. In no event could they be persuasive in view of the ruling of the Supreme Court in Overland Auto Co. v. Winters et al., supra, which is here controlling authority.

It follows that the judgment should be reversed, and it is so ordered. *Reynolds, P. J.,* and *Becker, J.,* concur.