THOMAS CLAUSEN, *Appellant*, v. J. E. FOREHAND, *Respondent*, GEORGE BENTON EVANS, *Defendant*.[1]

*Joseph Matsen* and *Howard A. Adams* (*Eli M. Paulson*, of counsel), for appellant.

*Ned Roney*, for respondent.

FULLERTON, J.—This action was instituted by the appellant, Clausen, against the defendant, Evans, and the respondent, Forehand, to recover upon a promissory note, and to foreclose a real property mortgage given to secure the note.

The facts giving rise to the controversy are somewhat meagerly stated in the record. But we gather therefrom that, on May 18, 1926, the respondent, Fore-

[1]Reported in 277 Pac. 827.

hand, was the owner of certain real property, and on that day sold and conveyed the property to the defendant, Evans. In payment, or in part payment, for the property, he took from Evans the note and mortgage in suit. The name of the payee was not then inserted in the note, nor was the name of the mortgagee inserted in the mortgage, although the instruments were otherwise regular, and executed with the due formalities required by the code. Forehand held the instruments in the condition in which they were when he received them, until August 16, 1926, when he made an exchange of properties with the appellant, Clausen. In the exchange, Clausen conveyed to Forehand certain real property which he owned, and in turn received a conveyance of other real property, a sum in cash, and the note and mortgage here in question. Prior to the delivery of the instruments, the name of Clausen was inserted in the note as payee and in the mortgage as mortgagee, and Forehand wrote his name on the back of the note in the manner usual where an indorsement of the note is intended.

The note was for the sum of $850, and was dated as of the time on which Forehand received it from Evans (May 18, 1926). It was payable three years after its date, and bore interest at the rate of eight per centum per annum, payable semiannually. It contained an accelerating clause to the effect that, if default was made in the payment of any instalment of interest at the time the instalment became due, "the whole of this note both principal and interest shall forthwith become due and payable without demand." The mortgage was in the statutory form (Rem. Comp. Stat. § 10555), containing, however, an additional clause to the effect that, if the interest was not paid in accordance with the terms of the note, the whole sum of prin-

312

cipal and interest should become due "at the election of the mortgagee."

The action was brought because of a failure to pay the first instalment of interest. The trial court allowed a recovery on the note and a foreclosure of the mortgage as against the defendant Evans, but refused to hold Forehand to any form of liability, entering a judgment of dismissal in his favor. The appeal is from the judgment in so far as it denied a recovery against Forehand.

The trial court rested its judgment in favor of the respondent on the ground that he was an indorser of the note and, as such, was entitled to notice of its dishonor by the maker, and that notice of such dishonor was not timely given him. The appellant questions the correctness of these conclusions, but, in our opinion, they are justified by the record. The facts, it is true, present a somewhat anomalous situation. The note was executed by the maker, and delivered to the respondent, long prior to the time of its transfer to the present holder. It was regular in form, save only that the name of the payee was not inserted therein. But this fact did not in any way affect the respondent's relation to the note. During the interval, he was as much the holder and payee of the note as he would have been had his name been inserted therein.

In this view of the situation, therefore, it would seem that, when he indorsed the note and transferred it to the appellant, he assumed the relation of a regular indorser. But because of the method adopted to effect the transfer, the note on its face indicated that his relation thereto was that of an irregular indorser; that is to say, as one not otherwise a party to the instrument who had placed his signature thereon in blank

before delivery. But whichever of these divergent views of his relation to the instrument may be taken as the true view, the result must be the same. By the terms of the negotiable instruments act, he is, in either situation, to be regarded as an indorser, and entitled to all the rights and privileges of one occupying that relation. Rem. Comp. Stat., §§ 3454, 3455, 3408, subd. 6, 3461. The respondent was not an accommodation party, as that term is defined by § 3420 of the act cited, as he did not sign the instrument as maker, drawer, acceptor or indorser, without receiving value therefor, and for the purpose of lending his name to some other person. Nor was the instrument made or accepted for his accommodation within the meaning of that phrase as used in subdivision 3 of § 3505 of the act, so as to excuse the holder from the necessity of making presentment and giving notice of dishonor. In *Overland Auto Co. v. Winters,* 277 Mo. 425, 210 S. W. 1, the court, after quoting the definition of accommodation as given in Black's Law Dictionary, uses this language:

"The holding generally of the courts, in considering paper of this character, is not to accept the ordinary definition of accommodation, but to give it a meaning such as the one given by Black. In a sense, every one who makes a note on receiving a consideration for it is the party accommodated. But the expression 'accommodated party' the 'party for whose accommodation the paper is made' is nearly always used by the courts in connection with accommodation paper. There is no accommodated party without his correlative, an accommodation party. The Negotiable Instrument Act does not define accommodation paper, but does define accommodation party in Section 10000, Revised Statutes 1909, as one who signs an instrument for the purpose of 'lending his name to some other person.' The 'other person' necessarily, is the accommodated party. In the case of *Rea v. McDonald,* 68 Minn. 187, l. c. 191,

the court gives this definition: ' ''Accommodation paper'' is defined as such as is made, accepted, or indorsed by one party for the benefit of another without consideration. It represents and is a loan of credit to the party accommodated.' ''

See, also, *Murray v. Third Nat. Bank of St. Louis,* 234 Fed. 481; *Geller, Ward & Hasner Hardware Co. v. Drozda,* 203 Mo. App. 91, 217 S. W. 557; *Morris County Brick Co. v. Austin,* 79 N. J. Law 273, 75 Atl. 550; *First Nat. Bank v. Bach,* 98 Ore. 332, 193 Pac. 1041.

On the remaining branch of the court's holding, we shall not review the record. It is enough to say that we find no evidence that payment of the note was ever demanded of the maker prior to the institution of the suit, and without such a demand, there could be no valid notice of dishonor to the indorser.

The appellant, however, contends that the necessity of presenting the note to the maker and giving notice of its dishonor to the indorser was waived by the terms of the note. The contention is founded on that clause in the note which provides for the payment of interest semiannually, and further provides that, if the interest is not so paid, the whole sum of both principal and interest ''shall forthwith become due and payable without demand.'' But we think the words ''without demand'' cannot be given the meaning the appellant imputes to them. Obviously, by their use, the framers of the note meant to define the conditions on which the note should mature in the case of a default in the payment of an instalment of interest when due. It was meant to provide that the note should mature automatically on the failure to pay an instalment of interest when due. Possibly, they did not have the effect intended (*Coman v. Peters,* 52 Wash. 574, 100 Pac. 1002), but we cannot construe them as

waiving the requirements made necessary by the statute to hold an indorser of a note on its dishonor by the maker.

The judgment is affirmed.

PARKER, TOLMAN, HOLCOMB, and BEALS, JJ., concur.

[No. 21607. Department One. May 23, 1929.]