CHARLES VALENTINE, *Plaintiff in Error,* v. WILLIAM F. HAYES, *Defendant in Error.*

135 So. 538.

Division B.

Opinion filed June 24, 1931.

158

*Hull, Landis & Whitehair* and *W. G. Vaughn,* of DeLand, for Plaintiff in Error;

*F. W. Butler,* of Punta Gorda, for Defendant in Error.

DAVIS, J.—This was a suit in the Circuit Court of Brevard County brought by a holder of a promissory note against the defendant, an indorser of the note. The case was tried before a Referee, who entered judgment for the defendant. The only proposition which merits discussion is whether or not, in an action brought by the indorsee of a promissory note under the Florida uniform negotiable instruments law against his immediate indorser, the indorser may plead and prove facts which would relieve him from statutory liability which follows any indorsement of a negotiable instrument. It is contended by the plaintiff in error, who was plaintiff in the court below, that it was error for the court to over-rule plaintiff's demurrer to a plea which attempted to assert that the promissory note sued upon by the plaintiff was indorsed by the defendant to the plaintiff as a gift and gratuity and that the transfer, indorsement and delivery of the note to the plaintiff by the defendant was without any good and valuable consideration.

It is argued that the effect is thus to evade the statutory liability of the indorser by permitting him to assert that the signing of the indorsement and the transfer of the instrument thereby was made without consideration and that such a plea amounts to an attempt to nullify the provisions of the Negotiable Instruments Laws which states that when a person places his indorsement on an instrument negotiable by delivery he incurs all the liabilities of an indorser. Section 6829 C. G. L., 4743 R. G. S.

An Act like the Uniform Negotiable Instruments Law which has been adopted in Florida, as well as in a majority of the States of the Union, should receive a uniform interpretation and construction in all of the States where it prevails if the beneficial purpose of having a uniform law on the subject is to be subserved. Therefore it is pertinent to resort to the holdings in other jurisdictions where the act is in force in order that we may arrive at an interpretation and construction of the act which should be followed in Florida.

In the instant case the plea which was demurred to laid the foundation for the admission of parol evidence to disclose that the indorsement of the note sued on was merely incidental; that the promissory note which was on its face indorsed and transferred by defendant did not constitute a true indorsement between the defendant and his indorsee, but was in order to settle a controversy in which the title to the note was being assigned by the defendant as the payee therein named to the plaintiff as indorsee, in order to effect the transfer of the title only to the note, and that therefore the indorsement was not made under such conditions as to carry with it the implied undertaking of indorsers provided by the uniform statute.

It is generally held that inasmuch as the status of one who signs a note as indorser is fixed by the statute that such status cannot be altered by the admission of parol evidence to the contrary. Beumeister v. Kuntz, 53 Fla. 340, 42 So.

886. It is further held that the statute does more than raise a presumption of status; it fixes it absolutely as indorser and parol evidence is not admissible to change it. Lightner v. Roach, 126 Md. 474, 95 Atl. 62. Hence words varying the indorser's liability must appear on the instrument itself as part of the indorsement, as negotiable instruments are in a sense current money in the mercantile world and should carry a full statement of terms and conditions with them. Elgin National Bank v. Bach, 98 Ore. 332, 193 Pac. 1041.

It also seems to be uniformly held that since the intention to be bound in a capacity other than that of indorser must appear from appropriate words written on the note that the contrary status cannot be shown by evidence of prior dealings between the parties. Geller Hardware Co. v. Drozda, 203 Mo. App. 91, 217 S. W. 557. The Negotiable Instruments Law clearly indicates the purpose to exclude parol evidence because the statute itself fixes the legal effect of the instrument and of an indorsement appearing thereon. Louisville First National Bank v. Bickell, 143 Ky. 754, 137 S. W. 790.

It has also been decided that an indorser claiming that by mistake he indorsed in blank when he intended to indorse without recourse can prove such mistake only in a direct attack on the instrument by asking for a reformation. The defendant in a suit at law cannot set it up by way of defense in his plea when sued on his indorsement. Palmersheim v. Hertel, 179 Wis. 291, 191 N. W. 567.

While it has been held in some jurisdictions that as between the immediate parties an irregular indorser is only *prima facie* such an evidence is admissible to show a different relationship (Long v. Gwin, 202 Ala. 358, 80 So. 440; Figari v. Olcese, 184 Calif. 775, 195 Pac. 425; 15 L. L. R. 192; Haddock v. Haddock, 192 N. Y. 499, 85 N. E. 682, 19 L. R. A. (N. S.) 136) we are unable to find any jurisdiction wherein this doctrine has been applied to regular indorsers

after the adoption of the uniform negotiable instruments law.

We must therefore hold that even as between the immediate parties to an indorsement of a negotiable promissory note that the indorser is liable as such to the indorsee and that such indorser cannot be permitted by plea to set up facts in contravention of the legal liability imputed to him as an indorser under the statute. The plain language of the statute is that where a person places his indorsement on an instrument negotiable by delivery he incurs all the liability of an indorser (Section 6829 C. G. L., 4743 R. G. S.). We are unable to find any authority which holds that this statute has any less application in a suit between the immediate parties to the indorsement than it would have in any other case. If by fraud, mistake or otherwise the indorsement was made unconditionally and without restriction when it should have been conditional or with restriction, whatever remedy the indorser has in the premises, must be sought in a direct attack on the instrument asking for a reformation of it so that the restriction or condition will be made to appear on the instrument in connection with the indorsement. There is no authority for setting up such matters as a *legal* defense when sued at law on the indorsement.

This does not conflict with the previous holdings of this Court in Dicks vs. Johnson, 66 Fla. 306, 63 So. 700 and Davis vs. Leighton, 80 Fla. 594, 86 So. 564, where the point involved was the right of an indorsee as against his immediate indorser to plead a failure of consideration for the indorsement, which is not the case dealt with in this opinion.

The judgment is reversed and the cause remanded for further proceedings consistent with this opinion.

WHITFIELD AND TERRELL, J.J., concur.

BUFORD, C.J., AND ELLIS AND BROWN, J.J., concur in the opinion and judgment.