JOHNSON, Judge.
This is an appeal from a summary judgment in favor of the appellees herein and from the order denying a rehearing on said summary judgment.
The appellees were the plaintiffs below and the appellant was the defendant. They shall be so referred to herein.
The plaintiffs were the holders of a promissory note endorsed by the defendant on the reverse side of said note in the following words: “Pay to the order of John F. Kaenel and Louise E. Kaenel, his wife” and signed “Victor Roeplce” directly under the above language.
Plaintiffs instituted suit against the defendant to collect the balance due on said note, after default in payments had accrued. Defendant filed motion to dismiss, to strike and for a more definite statement, all of which was denied. Defendant then filed his answer in which he admits the endorsement of the note as above shown, but claims that notice of protest, notice of dishonor, demand and other steps required to charge the defendant with liability was not waived by the defendant and the unqualified endorsement by him was an error on the part of his agent who handled the transfer to the plaintiffs, and which agent was instructed to always place a qualified endorsement above the signature of the defendant and that the plaintiffs knew this was the practice of the defendant based upon past experience in similar deals with the plaintiffs.
A request for admissions was filed by the plaintiffs and answers thereto filed by the defendant. Interrogatories to the plaintiffs were filed and answered by the plaintiffs as to all interrogatories except those to which the court sustained plaintiffs’ objection. Plaintiffs then filed motion for summary judgment on the grounds that the pleadings and admissions on file show that there is no genuine issue as to any material fact, which was granted. This is the order appealed.
The defendant assigns as error every ruling of the trial court which was adverse to the defendant, but we think the only question raised meriting any consideration by this court is the question of the effect of the unqualified endorsement. The defendant contends two points relative thereto: (1) that the endorsement as so worded and placed on the note did not waive notice of protest, notice of dishonor, etc., and (2) that the plaintiffs were not bona fide holders in due course within the meaning of Chapter 674, Florida Statutes, F.S.A., negotiable instruments law, because the plaintiffs knew or should have known from past experience in dealing with the defendant that he did not intend to give an unqualified endorsement.
We cannot agree with the defendant’s contention. Chapters 674.06, 674.-07, 674.08, Florida Statutes, F.S.A., expressly fixes the liabilities imposed on an endorser, and such status cannot be altered by admission of parol evidence to the contrary. Evidence of prior dealings between the parties cannot be shown to affect the status of an endorser of a negotiable instrument. Valentine v. Hayes, 102 Fla. *653 157, 135 So. 538. Also Baumeister v. Kuntz, 53 Fla. 340, 42 So. 886.
As to the waiver, it is generally held and recognized as law that if a clause waiving presentment is written in the instrument itself, as was done in this case, all parties are bound by it, including subsequent endorsers.[1]
By a counterclaim, the defendant alleges a mutual mistake in the endorsement and thereby attempts to reform the instrument by such direct attack, but we think the trial court correctly rejected the sufficiency of this attack in entering its summary judgment.
For the reasons stated, we affirm the order appealed.
RAWLS, C. J., and STURGIS, J., concur.

. The Law of Commercial Practices, page 746, Section 504.