SAMUEL A. RENDELL

*vs.*

OTIS HARRIMAN and others.

Waldo.    Opinion December 28, 1883.

*Promissory notes.    Principal and agent.    Evidence.*

In an action on a promissory note which recited "For value received we promise to pay S. A. Rendell or order," &c., and was signed by four individuals and following the signatures were the words "president and directors of Prospect and Stockton Cheese Company." *Held,* that there was nothing in the body of the note nor attached to the signatures to show that the promise was made for or in behalf of any person other than the signers; and that evidence to show that it was the promise of the cheese company and not of the individual signers was not admissible.

*Sturdivant* v. *Hull,* 59 Maine, 172, affirmed.

ON REPORT.

Assumpsit upon the following promissory note.

The plea was the general issue with brief statement that the instrument declared on was the note of the Prospect and Stockton Cheese Company.

(Note.)

" $246.50.                    Stockton, October 19, 1878.

" For value received, we promise to pay S. A. Rendell, or order, two hundred forty-six and fifty one-hundredths dollars, in one year from date, with interest.

Otis Harriman,        President.
R. M. Trevett,          Directors of
L. Mudgett,        Prospect and Stockton
W. H. Ginn,          Cheese Company."

The defendants offered to show by the proper record evidence, that a corporation called the Stockton and Prospect Cheese Company was duly established by law; that by its by-laws, accepted in 1875, the president and directors of said corporation were authorized to audit all accounts; that the said Harriman was its president, and the other defendants its directors, at the date of said note; that on the tenth of April, 1877, the president and directors, by a vote of said corporation were duly authorized to purchase the machinery and all other fixtures required for making cheese, and getting water into the factory, and that the plaintiff was then, and ever since has been a stockholder in said corporation.

They also offered to show by parol and record evidence, and production of the several instruments hereinafter set forth, that in pursuance of said last named vote, said officers purchased of the plaintiff, such machinery and fixtures, to the amount of six hundred thirty-four dollars and sixty-four cents; that thereafterwards in part payment therefor, the plaintiff received from R. S. Trevett, one of the defendants, and then and ever since, the treasurer of said corporation, four several sums of money as expressed in the following receipts, viz:

"$225.                        Stockton, June 8, 1877.

Received of R. M. Trevett, treasurer, two hundred twenty-five dollars on account of Prospect and Stockton Cheese Factory.                        S. A. Rendell."

"$56.                        Stockton, June 23, 1877.

Received of R. M. Trevett, treasurer, fifty-six dollars on account of the Prospect and Stockton Cheese Factory.

S. A. Rendell."

"$15.                        Stockton, July 17, 1877.

Received of R. M. Trevett fifteen dollars on account of Prospect and Stockton Cheese Factory.

S. A. Rendell."

"Stockton, October 17, 1877.

Received of R. M. Trevett, treasurer of Stockton and Prospect Cheese Company, thirty-eight dollars on account.

S. A. Rendell, by R. B. Ames."

That these payments left a balance due the plaintiff of three hundred two dollars and sixty-four cents. Interest was added to this sum, a balance due from the plaintiff on his stock subscription was deducted leaving a balance in his favor of two hundred and ninety dollars, for which, on the tenth day of November, 1877, by vote of the directors the following order was given:

"$290.                    Stockton, November 10, 1877.

To R. M. Trevett, treasurer of the Prospect and Stockton Cheese Company, or his successor in office, please pay to S. A. Rendell, or order, two hundred and ninety dollars, it being for fixtures for the cheese factory.

|   |   |   |
|---|---|---|
| Directors | ⎫ | Adelbert Crockett, |
| of | ⎪ | J. M. Grant, |
| Prospect and Stockton | ⎬ | Albert Harriman, |
| Cheese Co. | ⎭ | Alex. Black." |

(On face of order.)
"Presented and accepted,
"Nov. 10, 1877.
"R. M. Trevett, treasurer of P. & S. Cheese Co."

That on said order, two payments were made, for which the following receipts were given:

"Stockton, January 15, 1878.

Rec'd of R. M. Trevett, treasurer of Prospect and Stockton Cheese Company, forty-seven dollars on account.

S. A. Rendell, by R. B. Ames."

"$20.                    Stockton, March 7, 1878.

Received of Adelbert Crockett, twenty dollars to be credited to Prospect and Stockton Cheese Factory.

S. A. Rendell."

That on the nineteenth of October, 1878, at the request of the plaintiff who claimed that he wished a note, to raise money on, the directors exchanged said order for the note in suit.

That at the annual meetings of said corporation, in April, 1880, and April, 1881, the plaintiff was duly chosen and sworn as a director of said company; that in said meetings, the reports of the president upon the financial standing of the corporation were made and duly accepted; that said reports specified the liabilities of the company, one of the items of which was "S. A. Rendell, note for $246.48," being the note in suit, and that the plaintiff attended both said meetings. That on the fifth of April, 1881, the plaintiff received a payment upon said note for which he gave the following receipt:

"Stockton, April 5, 1881.

Received of R. M. Trevett, treasurer, fourteen and forty-eight one-hundredths dollars, ($14.48) on account of the Prospect and Stockton Cheese Factory Company, to be endorsed on the note holden by me against said company.

S. A. Rendell."

By the terms of the report, if the foregoing testimony, or any part thereof, was admissible, the action should stand for trial; otherwise to be defaulted for the amount of the note and interest.

*George E. Johnson,* for the plaintiff, cited: *Tucker M'f'g Co.* v. *Fairbanks,* 98 Mass. 101; *Stackpole* v. *Arnold,* 11 Mass. 27; Story on Agency, § 269; Story on Notes, § 65; *Sturdivant* v. *Hull,* 59 Maine, 172; *Mellen* v. *Moore,* 68 Maine, 390; *Hancock* v. *Fairfield,* 30 Maine, 299; *Shaw* v. *Shaw,* 50 Maine, 94; *City Bank* v. *Adams,* 45 Maine, 455; *Nobleboro'* v. *Clark,* 68 Maine, 91; 1 Greenl. Ev. § 275; 3 Wash. Real Prop. 250, 251; 1 Pars. Bills and Notes, 102.

*Joseph Williamson,* for the defendants.

The severity of the rule adopted in *Sturdivant* v. *Hull,* 59 Maine, 172, and older cases, upon which the decision in *Mellen* v. *Moore,* 68 Maine, 390, is exclusively based, has been since much relaxed by *Simpson* v. *Garland,* 72 Maine, 40, following the broader construction of § 15, c. 73, R. S., in *Nobleboro'* v. *Clark,* 68 Maine, 93. It now seems to be settled that evidence

of the authority of the agent, at least, can be received to show the intent of the parties to bind the principal. Therefore, the evidence produced by the defendants, upon this point, is admissible.

Where there is a doubt or ambiguity on the face of an instrument, as to whether the person means to bind himself, or only to give an evidence of debt against an institution or body of which he is a representative, parol evidence is admissible. Note to *Rathbon* v. *Budlong*, 1 Am. L. C. 614.

In *Sturdivant* v..*Hull*, the question of ambiguity was not raised, nor did the defendant offer to show any authority from his alleged principle to make the instrument declared on.

Both upon principle and authority, the note in suit has such a doubt or ambiguity upon the face, as to bring it within the foregoing rule. Upon authority, the recent case of *Metcalf* v. *Williams*, 104 U. S. 93, is directly in point. The defendant was sued personally upon a check drawn by him, as he contended, officially, as the vice-president of the Montpelier Female Humane Association. The name of the association did not appear in any place upon the check. The bank upon which it was drawn, was simply requested by two persons, signing themselves as officers, one as vice-president, and the other as secretary, to pay a certain sum. "Whether," says the opinion of the court, "they made this request as officers or as individuals is ambiguous, to say the least. It is evident that an inquiry into the circumstances of the case might render it certain which was intended." See also *Mechanics' Bank* v. *Bank of Columbia*, 5 Wheat. 326; *Brockway* v. *Allen*, 17 Wend. 40; *Kean* v. *Davis*, 20 N. J. Law, 683.

"An examination of this class of cases," says THOMPSON, C. J., in *Gill* v. *Brown*, 12 John. 388, "will show that they all turn upon the question, to whom was the credit intended to be given," or, as in *Mott* v. *Hicks*, 1 Cow. 535, "whether from anything that passed between the parties at the time, it was understood by them that the plaintiff was to rely upon the personal security of the defendant."

A note to Byles on Bills, 27, says that "when individuals subscribe their proper names to a promissory note, *prima facie*

they are personally liable, though they add a description of the character in which the note is given; but such presumption of liability may be rebutted, as between the original parties, by proof that the note was in fact given by the makers as agents with the payee's knowledge."

DANFORTH, J. All the questions which have been or can be raised in this case growing out of the common law, as well the purpose and effect of R. S., c. 73, § 15, were raised and fully discussed and settled in *Sturdivant* v. *Hull*, 59 Maine, 172. A case so well considered and so fully sustained by the authorities as that would seem to be decisive of all the questions involved and would undoubtedly have been so considered, but for a hope raised by what is claimed "as a modification of the rule established by it, in *Simpson* v. *Garland*, 72 Maine, 40, following a more liberal construction of the statute in *Nobleboro'* v. *Clark*, 68 Maine, 93." But upon a review of *Sturdivant* v. *Hull*, we see no occasion to depart from its teachings, nor do we perceive any modification of its doctrine in any case which follows. On the other hand, *Mellen* v. *Moore*, 68 Maine, 390, "is exclusively based" upon it; it is referred to as authority in *Nobleboro'* v. *Clark*, and is followed in the still later case of *Ross* v. *Brown*, 74 Maine, 352; nor do we find anything inconsistent with it in *Simpson* v. *Garland*. In the latter case the note contained language purporting to show that the promise was that of the principal and which the court held did show it; while in *Sturdivant* v. *Hull*, no such language is used. True, in the case of *Ross* v. *Brown*, it is suggested that it does not appear that the maker of the note had any authority to bind the town; but from the opinion it clearly appears that the liability is fixed upon the agent by force of the terms of the contract and not by any extraneous evidence, or the want of it. In *Nobleboro'* v. *Clark*, the contract was set up as binding upon the principal and was so held because by its terms it appeared that such was the intention of the agent and such being the intention, it was necessary with or without the statute to show the authority of the agent before the contract could be regarded as that of the principal. The

action at bar is against the alleged agents and as suggested in *Sturdivant* v. *Hull*, whatever may be the effect of the statute in " extending a liability to the real party in interest and affording a remedy against him, it cannot be so construed as to discharge one who for a sufficient consideration, has expressly assumed a liability by means of a written contract, or to allow proof *aliunde* for that purpose." Nor do we find any case at common law to go so far. All the authorities, including those cited by the defendant in this case, concur in holding that the liability of the one party or the other must be ascertained from the terms of the written instrument and parol proof cannot be received to vary or control such terms.

That an agent may make himself responsible for his principal's debt is beyond doubt. That the defendants in this case have done so by the terms of the note in suit, uncontrolled by extraneous evidence is settled by the uniform decisions in this state, supported as shown in *Sturdivant* v. *Hull*, by the weight of reason, as well as of authority elsewhere.

The evidence then, offered, if admitted, would not avail the defendants unless it had the effect to discharge them from a contract into which they have entered.

It is true, that in the cases cited, such evidence was admitted and was perhaps admissible, under the well established rule of law, that when there is an ambiguity in the contract, when the language used is equally susceptible of two different constructions, evidence of the circumstances by which the parties were surrounded and under which the contract was made may be given, not for the purpose of proving the intention of the parties independent of the writing, but that the intention may be more intelligently ascertained from its terms. But to make this evidence admissible some ambiguity must first appear ; there must be language used such as may without doing violence to its meaning, be explained consistently with the liability of either party, some language which as in *Simpson* v. *Garland* tends, in the words of the statute, to show that the contract was made by the agent " in the name of the principal, or in his own name for his principal. "

In this case no such ambiguity exists, no such language is used. The promise is that of the defendants alone, without anything to indicate that it was for or in behalf of another. True, the defendants affixed to their names their official title, with the name of the corporation in which they held office, but nothing whatever to qualify their promise or in the slightest degree to show it other than their own. The statute as well as the decisions, with few exceptions, as we have seen requires more than this to make the testimony admissible. *Bray* v. *Kettell*, 1 Allen, 80.

> *Defendants defaulted for the amount*
> *of the note and interest.*

APPLETON, C. J., WALTON, BARROWS, PETERS and LIBBEY, JJ., concurred.