Fred Spofford, *Plaintiff in Error*, vs. Roy S. Hanna, *Defendant in Error*.

135 So. 536.

En Banc.

Opinion filed June 30, 1931.

Petition for rehearing denied July 27, 1931.

*Carey & Askew*, for Plaintiff in Error;

*S. Henry Harris* and *J. Uhle Bethell*, for Defendant in Error.

Buford, C.J.—In this case the plaintiff in error sued the

defendant in error upon a covenant under seal contained in a mortgage to the effect that the defendant "did promise, covenant and agree to pay the plaintiff, his executors, administrators or assigns, the sum of $30,000.00 together with interest thereon as evidenced by six certain promissory notes dated November 16th, 1925, executed and delivered by the defendant to plaintiff, each note being in the sum of $5,000.00 each payable on or before May 16th, 1926, November 16th, 1926, May 16th, 1927, November 16th, 1927, May 16th, 1928 and November 16th, 1928, respectively, with interest from November 16th, 1925, at the rate of 8% per annum payable semi-annually at Central National Bank of St. Petersburg, Florida, and all costs including a reasonable attorney's fee if placed in the hands of an attorney for collection."

The notes and mortgage are attached to the declaration and made a part thereof. The notes are identical except as to due date and the first note is as follows:

"$5,000.00     St. Petersburg, Fla. November 16, 1925.
ON OR BEFORE May 16, 1926, I promise to pay to the order of FRED SPOFFORD— ...............
Five Thousand and 00/100 ............. ..DOLLARS at THE CENTRAL NATIONAL BANK OF ST. PETERSBURG, FLORIDA.

For value received with interest from Nov. 16, 1925, at the rate of eight per cent per annum, payable semi-annually, until paid. If necessary to collect this note through an attorney, either of us, whether maker, security or endorser, hereby agree to pay all costs of collection, including a reasonable attorney's fee. The drawers and endorsers severally waive presentment for payment, protest and notice of protest for non-payment of this note.

Roy S. Hanna

AS TRUSTEE ONLY AND NOT INDIVIDUALLY.

The mortgage contains the following language:

"THIS INDENTURE, Made this 6th day of May, A. D. 1926, between Roy S. Hanna, as Trustee, of the County of Pinellas, State of Florida, of the first part,

and Fred Spofford, of the County of Pinellas, State of Florida, of the second part:

WITNESSETH, That the said party of the first part, for and in consideration of the sum of Thirty Thousand and 00/100 ($30,000.00) Dollars, to him in hand paid by the said party of the second part, the receipt whereof is hereby acknowledged, by these presents does grant, bargain, sell, convey and confirm to the said party of the second part, and to his heirs and assigns forever, all the following piece, parcel or tract of land situated, lying and being in the County of Pinellas, State of Florida, and described as follows:

Lots 1, 2, 3, 4, 5, 6, and 7, Block Six (6), MOUND PARK SUBDIVISION, according to the plat thereof recorded in Plat Book 2, page 60, of the public records of Pinellas County, Florida.

TOGETHER WITH all and singular the tenements, hereditaments and appurtenances thereto belonging or in anywise appertaining.''

Then follows the habendum clause and the general warranty of title in fee simple. Then follows this clause:

"PROVIDED ALWAYS, and these presents are upon this express condition, that if the said party of the first part, his successors and assigns shall pay to the said party of the second part, his executors, administrators or assigns six (6) certain promissory notes, dated November 16, 1925, executed and delivered by said Roy S. Hanna as Trustee, to said Fred Spofford, each note in the sum of $5,000.00 each, payable on or before May 16, 1926, November 16, 1926, May 16, 1927, November 16, 1927, May 16, 1928 and November 16, 1928, respectively, all with interest from November 16, 1925, at the rate of 8% per annum, payable semi-annually at Central National Bank of St. Petersburg, Fla., and all costs, and a reasonable attorney's fee if placed in the hands of an attorney for collection.''

Then there is a covenant in regard to taxes, insurance, etc., following which is this covenant:

"And the said party of the first part for himself his successors and assigns, do hereby promise covenant and agree to pay the said party of the second part, his executors, administrators, or assigns, the said sum

of money and interest as mentioned in said promissory note, and secured to be paid as aforesaid. And if default shall be made in the payment of the said sum of money, or any part thereof as provided in the said note, or if the interest that may become due thereon or any part thereof shall be behind and unpaid for the space of thirty days, then and from thenceforth it shall be optional with the said party of the second part, his executors, administrators or assigns, to consider the whole of said principal sum expressed in said note as immediately due and payable. And the said party of the first part hereby further covenants, promise and agree to and with the said party of the second part to pay all taxes, assessments and insurance premiums that may be imposed upon said premises or upon this Mortgage, or the money secured hereby during the continuance hereof, and to pay all costs, charges and expenses in collecting the money hereby secured, including reasonable attorney's fees and commissions, whether collected by foreclosure or otherwise, and any and all moneys paid out by the said party of the second part, by reason of the default of the party of the first part to pay the moneys so stipulated, shall draw interest at the same rate as the promissory note aforesaid, and said moneys necessarily paid by the party of the second part shall be secured by this Mortgage. And the said party of the first part hereby waive all right of homestead and exemptions granted by the Constitution and Laws of Florida."

The mortgage was executed as follows:

"Roy S. Hanna           (L. S.)
as TRUSTEE ONLY AND NOT (L. S.)
INDIVIDUALLY           (L. S.)
                            (L. S.)

Signed, sealed and delivered
in presence of us:
Wm. G. King
Sadie E. Platt."

A demurrer to the declaration was sustained, it being contended that the declaration was insufficient to show cause of action against the defendant and that the dec-

laration shows on its face that it was executed in representative capacity and not as an individual.

The sustaining of the demurrer was error.

Section 4694 R. G. S., 6780 C. G. L., constituting a part of the uniform negotiable instruments law, provides as follows:

> "Where the instrument contains, or a person adds to his signature, words indicating that he signs for or on behalf of a principal, or in a representative capacity, he is not liable on the instrument if he was duly authorized; but the mere addition of words describing him as an agent, or as filling a representative character, without disclosing his principal does not exempt him from personal liability."

It will be observed that nowhere in either note, or in the mortgage is the identity of any principal disclosed except the maker of the note, Roy S. Hanna. Therefore, it appears that under the section of the statute above referred to the maker is responsible in his individual capacity although he writes under his signature the words, "AS Trustee Only and Not Individually". Aside from the effect of this statutory provision, it is a rule prima facie established that the payee of the note extended the credit to Hanna, the maker of the note, as there is no other person, corporation or association designated in the note to whom credit could have been extended. The notes and mortgage in this case were not executed in such a manner as to bind any other individual, association or corporation than the defendant insofar as is disclosed by either of these instruments or by the declaration.

In Pentz vs. Stanton, 10 Wendell (N. Y.) 271, 25 Am. Dec. 558, it was held:

> "To make an agent's drawing, acceptance or indorsement of a bill binding on his principal, the agent must either sign the principal's name, or must make it appear in some way from the face of the bill that it was executed for him.
>
> If a private agent draw a bill or enter into any other contract in his own name, without stating that he acts

as agent so as to bind his principal, he will be personally bound.

Though an agent's note for goods sold does not bind his principal, yet if the goods were actually used for the latter's benefit, and the credit was not exclusively given to the agent, the principal will be liable in an action for goods sold."

To the same effect is Rand vs. Hale, 3 W. Va. 495, 100 A. M. Dec. 761.

The Supreme Court of Oregon in the case of Guthrie vs. Imbrie, et al., reported in 6 Pac. Rep. 664, say:

"It is well settled that whether a principal, or his agent, is the party liable upon a promissory note or bill of exchange, must be ascertained from the instrument itself. All evidence *dehors* the instrument is to be excluded. Barlow vs. Congregational Soc. 8 Allen 460; Brown vs. Parker, 7 Allen 337; Slawson vs. Loring, 5 Allen 342; Rendell vs. Harriman, 75 Me. 497, 'If it is left ambiguous on the face of the instrument whether they have so signed it, the construction most against the person signing should prevail.' "

The case presented does not require us to discuss the question as to whether or not a plea disclosing principals known to the plaintiff and bound by the obligations and alleging the joint or separate liability of such principals would avail the defendant in this case.

The question here is only whether or not there was error in sustaining the demurrer to the declaration and entering final judgment thereon in favor of the defendant.

The judgment should be reversed and it is so ordered.

Reversed.

WHITFIELD, ELLIS AND TERRELL, J.J., concur.

BROWN, J., dissents.

DAVIS, J. (Concurring specially) :—I think the declaration showed a prima facie cause of action in favor of plaintiff and that it was error to sustain a demurrer to it. At the same time the manner of execution of the notes and mortgage is such as to entitle defendant to show

by plea that he is not personally liable. There is more to this case than if the mere word "trustee" or "as trustee" had been added. I therefore concur in the reversal.

WHITFIELD AND TERRELL, J.J., concur.