95 So.2d 891 (1957)
Howard BETZ, Appellant,
v.
BANK OF MIAMI BEACH, a banking corporation existing under the laws of the State of Florida, Appellee.
Supreme Court of Florida, En Banc.
June 12, 1957.
Tobias Simon, Miami, for appellant.
Seymour B. Liebman, Miami Beach, for appellee.
O'CONNELL, Justice.
Appellant, Howard Betz, was one of the defendants in the court below. The Bank was the owner of two promissory notes which evidenced loans made by it. The notes where not paid on maturity and the Bank sued Corvette of Miami, Inc., Hal Kaye and Howard Betz. Summary judgment was entered in favor of the Bank and Betz, one of the defendants against whom such judgment was entered, has brought this appeal.
The notes sued upon were executed on forms provided by the Bank. Each contained the words "* * * the undersigned jointly and severally promise to pay to the Bank of Miami Beach * * *." Each had the words "Corvette of Miami, Inc." *892 typed above the lines provided for signatures. Under the corporate name appear the signatures of Hal Kaye and Howard Betz. More graphically the notes were executed as follows:
"Corvette of Miami, Inc.
"Hal Kaye (Seal)
"Howard Betz (Seal)"
No preposition preceded the signatures of Kaye and Betz and no words followed to indicate that either Kaye and Betz signed the notes other than in their individual capacities. It is clear therefore that the only indication on the notes that Betz signed in a representative capacity rather than as an individual maker is the name "Corvette of Miami, Inc." typed above the signatures of Kaye and Betz.
Betz and the corporation filed an answer to plaintiff's complaint in which they admitted that the corporation, Corvette of Miami, Inc., had executed the notes, but denied that Betz had made, executed or delivered the notes as an individual.
Both the Bank and Betz moved for summary judgment and filed affidavits in support thereof. From these affidavits it appears that Hal Kaye was president and Betz was secretary-treasurer of the above-named corporation.
Betz raises two questions on appeal. They are:
(1) Does the form of the note impose the liability thereof upon any person other than the corporation, as a matter of law?
(2) May parol evidence be introduced to prove the intent of the parties as to whether liability extends to the signer of the notes as individuals?
We are of the opinion that the notes as a matter of law impose liability as a maker on Betz. This makes it unnecessary for us to answer the second question posed by appellant, Betz, for his second question presupposes that the notes are ambiguous as to the liability of Betz. We do not find such to be the case.
At the outset we should make it clear that neither Kaye nor the corporation are parties to this appeal and we are not concerned with their liabilities under the notes in question.
It is not disputed that Betz signed and intended to sign the note as maker. The dispute is that Betz contends that he intended to sign as maker only in his representative capacity as secretary-treasurer of the corporation. The Bank contends that he signed and that it was intended that he sign as maker, individually.
Florida has adopted the Uniform Negotiable Instruments Law, Chapter 674, F.S. 1955, F.S.A. There can be little question that the prime intention of the draftsmen of this law was to clear up confusion in, and to fix with certainty the rights and liabilities of holders, makers and endorsers of negotiable instruments. It seems quite reasonable that such was the intention of our legislature in enacting the law.
There are two sections of Chapter 674, supra, which we must consider.
At first glance Sec. 674.19(6) of the Act might appear to control and answer appellant's first question. Appellee Bank argues that it does. That section reads:
"(6) Where a signature is so placed upon the instrument that it is not clear in what capacity the person making the same intended to sign, he is deemed to be an indorser."
However, the apparent weight of authority and what seems to us to be the better rule is that the above quoted section is not applicable to a situation such as now before us where the question is not whether one intended to sign as endorser or maker, but whether one intended to sign as maker for himself, or maker for another, by acting in a representative capacity.
*893 In a case somewhat similar to the one before us the court said:
"* * * in the present case there * * * is not a doubt whether he intended to sign as maker, indorser or guarantor, for it is clear from the location of the name he did not intend to sign as indorser or guarantor, but simply a doubt whether he intended to sign in an individual or in a representative capacity as maker. * * * The statute was passed to meet a case where it is doubtful from the instrument whether a man intended to become an indorser, not to make an indorser out of a person who, without doubt, intended to sign as maker, either individually or as representative of another." Germania Nat. Bank of Milwaukee v. Mariner, 1906, 129 Wis. 544, 109 N.W. 574, 575.
The Wisconsin court in the last mentioned case ruled that this section was intended to settle doubt fairly arising from location of the name of a person, as where the signature is placed at the side, on the end or across the face of the instrument thus creating a doubt as to whether the signer intended to be bound as maker or as endorser. See also the cases collected in 35 A.L.R.2d 1034.
We are of the opinion that Sec. 674.19 (6), supra, is not applicable to this case.
We next must consider Sec. 674.22, F.S. 1955, F.S.A. This section provides that:
"Where the instrument contains or a person adds to his signature words indicating that he signs for or on behalf of a principal, or in a representative capacity, he is not liable on the instrument if he was duly authorized; but the mere addition of words describing him as an agent, or as filling a representative character, without disclosing his principal does not exempt him from personal liability."
We find only one case in which this Court has construed the effect of the above quoted section. It is not factually in point with this case for there the maker of the note and mortgage involved signed his name followed by the words, "as trustee only and not individually", but neglected to disclose his principal anywhere in the documents. Spofford v. Hanna, 1931, 102 Fla. 261, 135 So. 536, 538.
Nevertheless, in the Spofford case, this Court did adopt the view expressed by the Oregon court in Guthrie v. Imbrie, 1885, 12 Or. 182, 6 P. 664, 672 as follows:
"It is well settled that whether a principal, or his agent, is the party liable upon a promissory note or bill of exchange, must be ascertained from the instrument itself. All evidence dehors the instrument is to be excluded. Barlow v. Congregational Soc., 8 Allen [Mass.] 460; Brown v. Parker, 7 Allen [Mass.] 337; Slawson v. Loring, 5 Allen [Mass.] 340, [81 Ann.Dec. 750]; Rendell v. Harriman, 75 Me. 497 `If it is left ambiguous on the face of the instrument whether they have so signed it, the construction most against the person signing should prevail.'"
Appellee, the Bank contends that this last statement in the Spofford case is controlling. However, the question involved in this case is an important one and is of first impression in Florida. We therefore feel we should pursue the matter further.
In the case of Lazarov v. Klyce, 1953, 195 Tenn. 27, 255 S.W.2d 11, a note had thereon the signature of a corporation by A, and also the signature of B without indication that he had signed in a representative capacity. B contended that the note was ambiguous as to him and that he had intended to sign only in his representative capacity as an officer of the corporation. The court held that he had signed as maker and was bound as such. The court held there was no ambiguity and refused to allow B to introduce parol evidence.
*894 In Toon v. McCaw, 1913, 74 Wash. 335, 133 P. 469, L.R.A. 1915A, 590, a note was signed with the name of Aberdeen Tug Boat Co. followed by the names of three individuals which names were not preceded by prepositions or followed by titles. The three contended they had signed only in their representative capacity. The court held the note not to be ambiguous as to them, refused to allow parol evidence to show that they signed only in a representative capacity, and held them liable as makers.
In Murphy v. Reimann Furniture Mfg. Co., 1948, 183 Or. 474, 193 P.2d 1000, 1002 we find an identical factual situation. The note provided "we promise to pay". Two individuals signed below the name of a corporation without indicating that they did so in a representative capacity. There was no such indication in the body of the note. The court held there was no ambiguity in the note as to the liability of the two individuals, refused to allow them to introduce parol evidence to show they intended to sign only in their representative capacity, and held them personally liable as makers.
In Coal River Collieries v. Eureka Coal and Wood Company, 1926, 144 Va. 263, 132 S.E. 337, 338, 46 A.L.R. 485, a note was signed
"Eureka Coal & Wood Co., Inc. "J. Liebman, Treasurer., N. Orleans."
It appears that N. Orleans was president of the corporation under which name he signed and that he had intended to sign only in such capacity. The court held there was no ambiguity, allowed no parol evidence and held Orleans personally liable as a maker. It remarked that Orleans had signed exactly as he would have signed had he intended to bind himself individually, and that the parol evidence was offered first, to create an ambiguity where none existed, and then to remove it.
See also the cases cited in 42 A.L.R. 1075, 1080.
We construe Sec. 674.22, supra, to provide a means by which one who signs a negotiable instrument for or on behalf of a principal, as maker, may escape personal liability thereon by following the provisions of the section. It seems clear to us therefore that where the body of the instrument or the person signing does not indicate that the maker is signing in a representative capacity, it is the intention of the statute that he be bound individually.
In the notes before us there is nothing other than the name of the corporation, typed above the signatures of Kaye and Betz to indicate that the payee and makers of the notes considered the instrument not to be binding on Betz as an individual maker. Betz signed exactly as he would have if it had been his intention to bind himself individually. His signature as written makes him personally liable as maker.
Not having availed himself of the opportunity, expressed in Sec. 674.22, supra, to escape personal liability we feel it clear that he is bound individually as a maker, that there is no ambiguity in the notes as to Betz and therefore it is unnecessary to consider whether parol evidence should be admitted to allow him to show his liability to be contrary to what it appears to be from the face of the notes as they were actually signed, as they were delivered to the Bank and as they were sued on.
The result of this decision may be considered to be harsh. Yet in view of the importance of negotiable instruments in business, banking and finance, the need for certainty and stability in the meaning of what appears on the face of such instruments and in view of what we believe the intention and meaning of the pertinent sections of the Negotiable Instruments Law to be we believe the rule we have adopted to be the better view. We believe this rule will cause less harm to commerce and result in less litigation than if we adopted the opposite view.
*895 While it cannot assist Betz in his dilemma, it would appear to us that one who claims his signature on a negotiable instrument was intended by the parties to have been placed thereon in a different capacity with different liability to the signer than as appears from the instrument should seek to have the instrument reformed to show that which he contends it was intended to show. Valentine v. Hayes, 1931, 102 Fla. 157, 135 So. 538.
In accordance with our views above expressed the judgment is affirmed.
TERRELL, C.J., and THOMAS, HOBSON, DREW and THORNAL, JJ., concur.
ROBERTS, J., not participating.