OWEN, Judge.
Appellee, the payee-holder of a promissory note made by Hoffman Company, Inc., brought this suit against appellant, as a guarantor of the note. The appeal is from an adverse final judgment entered upon a jury verdict. We reverse the judgment because the court erred in striking certain of appellant’s affirmative defenses.
Appellant, Irving A. Schaufelberger, was president of Hoffman Company, Inc., which had its place of business in Washington, D. C. Appellee, Mister Softee, Inc., a corporation with its principal offices located in New Jersey, sold Hoffman Company, Inc., four Mister Softee ice cream trucks for a total purchase price of approximately $53,000. Part of the purchase price of the trucks was paid by Hoffman Company, Inc., executing and delivering its promissory note for $10,000 payable to appellee at its offices in New Jersey. It is the guaranty of this note which is involved here.
The note, dated April 11, 1961, and due three months later, was signed in the following manner:
“Hoffman Company, Inc.
By: Irving A. Schaufelberger /s/
Attest: Maurice Holtzman /s/
Maurice Holtzman”
On the reverse side the following appeared:
“We, the undersigned, for valuable consideration, jointly and severally guarantee payment to Mister Softee, Inc. of this note.
Hoffman Co., Inc.
Irving A. Schaufelberger (L.S.)
Maurice Holtzman_(L.S.)
_(L.S.)
_(L.S.)”
The guaranty on the reverse side was typed, but the corporate name of Hoffman Co. (sic), Inc. had been written by hand immediately above the signature of Irving A. Schaufelberger.
Some seven years after maturity this suit was filed. In his answer to the complaint, Schaufelberger set up various defenses, including among others, (1) failure of consideration for the guaranty contract, and (2) that the guaranty was signed by Schau-felberger only in his capacity as a corporate officer and not individually. On plaintiff’s motion the court struck these two defenses, which order has been assigned as error and gives rise to the two points which we discuss.
*177 We turn first to the defense of the failure of consideration. While the answer was rather prolix, it alleged inferentially that (1) the principal contract (i. e., the note) and the contract of guaranty were part of the same transaction and supported by the same consideration, and (2) there was a partial failure of that consideration in that the ice cream trucks were delivered in a defective condition, at least one of which was returned to appellee and while in the latter’s custody was totally demolished. Where the consideration for both the principal contract and the guaranty is the same, and the principal contract is divisible as this one, a partial failure of consideration is a defense on behalf of the guarantor to the extent of such failure. See 38 C.J.S. Guaranty § 27. It was error to strike this defense.
We turn now to the defense that the contract of guaranty was executed by Schaufelberger only in his corporate capacity and not individually. In determining whether this could be a legal defense to appellant under the facts of this case, we must examine the law as it existed at the time the transaction was entered into. In doing so, we find a direct conflict between the law of Florida and the law of New Jersey. In Florida, one who signed an instrument in the manner that appellant did in this case, without following the then applicable provisions of F.S. Section 674.22, F.S.A. (which permitted an escape of personal liability by indicating that the instrument was signed in a representative capacity), was individually liable on the note as a matter of law, and was not allowed to prove that he signed only in a representative capacity. Betz v. Bank of Miami Beach, Fla.1957, 95 So.2d 891. In New Jersey, where one signed an instrument in the manner that appellant did in this case (thereby creating an ambiguity on the face of the instrument as to whether the defendant was signing individually as a co-maker or was signing merely in a representative capacity) the issue became one of fact upon which extrinsic evidence was admissible in proof. Norman v. Beling, 1960, 33 N.J. 237, 163 A.2d 129. The section of the New Jersey statute which was under consideration in the Norman case was identical in wording to F.S. Section 674.22, F.S.A. which was considered by the Florida court in the Betz case. Furthermore, the New Jersey Supreme Court expressly recognized in its opinion the existence of authority in other states which had adopted a view contrary to its own, referring specifically by name to the several cases which the Supreme Court of Florida had cited as authority for its decision in Betz. New Jersey and Florida are simply diametrically opposed on this point of law.
The legal sufficiency of this defense is certainly a substantive question and, in a rather classic conflict of laws situation such as here, it must be determined necessarily by the law of New Jersey where the contract was to be performed. 6 Fla.Jur., Conflict of Laws, Section 10. Because the defense was legally sufficient under the law of New Jersey, it was error for the court to strike it.
Appellee contends that the holding in Norman v. Beling, supra, does not apply when the ambiguity can be cleared by reference to some other portion of the instrument, and suggests that in the instant case it is totally illogical for Hoffman Co., Inc. to be the guarantor of its own note. The argument could be persuasive to the trier of fact but does not affect the holding in the Norman case as we view it.
Appellee also contends that under the authority of Valentine v. Hayes, 1931, 102 Fla. 157, 135 So. 538 (cited by the Supreme Court in the Betz decision), such defense is equitable in nature and can only be asserted by a counterclaim asking for reformation, in support of which counterclaim appellant could introduce parol evidence. The simplest answer is to refer to the Norman case, supra. That aside, however, the reference which the Betz decision made to reformation as the proper remedy was purely dicta, and our present rule *178 1.110(g) R.C.P., 30 F.S.A. permitting defenses on both legal and equitable grounds would make inapplicable any contrary language found in the Valentine case. By way of passing comment, we note that Section 673.403(2) UCC is the successor to and substantially the same as F.S. Section 674.22, F.S.A., and the official comments suggest that where an agent signs under the name of the principal without indicating his representative capacity, parol evidence is admissible in litigation between the immediate parties in order to prove that the agent signed in his representative capacity.
The other points raised on appeal need not be considered in view of our holding in this case. The final judgment is reversed and this cause remanded for further proceedings not inconsistent herewith.
Reversed and remanded.
REED, C. J., and WALDEN, J„ concur.