276 So.2d 84 (1973)
Ann M. SPEER, Appellant,
v.
Stuart R. FRIEDLAND, Appellee.
No. 72-612.
District Court of Appeal of Florida, Second District.
April 11, 1973.
*85 Howard R. Marsee, of Pitts, Eubanks, Ross & Rumberger, Sanford, for appellant.
Pope, LaBarbera & Sabella, St. Petersburg, for appellee.
HOBSON, Judge.
Appellant, Ann M. Speer, appeals a final judgment against her in her individual capacity. The judgment against Jimmy Speer's Auto Auction, Inc. is not involved in this appeal.
On May 12, 1971, appellee Friedland sold a car owned by him through the facilities of Jimmy Speer's Auto Auction, Inc. in Pinellas County and was given a check drawn against the auto auction account at Citizens National Bank of Orlando in the amount of $2,500.
On the face of the check, in the area for signatures, there appeared the following:
JIMMY SPEERS AUTO AUCTION
 Bruce A. Ryals 
 Ann Marie Speer 
The name of Bruce A. Ryals was in longhand, whereas the signature of Ann Marie Speer was affixed by a check-writing machine. There was no indication by either signature as to their affiliations with the Jimmy Speer's Auto Auction. Printed at the margin of the check were the words "GUARANTEED CHECKS." After deposit, the check was returned to Friedland marked "Insufficient Funds."
At the trial of the case Mrs. Speer testified that she had authority to and did sign the check as treasurer of the company and that she never personally undertook to guarantee the check. During the trial the court granted a motion to dismiss the case against Ryals.
The lower court obviously relied on the case of Betz v. Bank of Miami Beach, Fla. 1957, 95 So.2d 891, in holding that appellant signed the check in her individual capacity. In Betz, an action brought on promissory notes which recited joint and several obligations assumed by the signers, the Supreme Court held that there was no ambiguity in the notes as to Betz, and therefore parol evidence would not be considered.
The law which controlled the transactions in the Betz case was the Uniform Negotiable Instruments Law, Chapter 674 F.S. The transactions in the case sub judice occurred in 1971, and therefore the Uniform Commercial Code, which succeeded the Negotiable Instruments Law, effective January 1, 1967, is applicable. Section 673.3-403 of the Commercial Code provides in part:
(2) An authorized representative who signs his own name to an instrument:
(a) Is personally obligated if the instrument neither names the person represented nor shows that the representative signed in a representative capacity;
(b) Except as otherwise established between the immediate parties, is personally obligated if the instrument names the person represented but does not show that the representative signed in a representative *86 capacity, or if the instrument does not name the person represented but does show that the representative signed in a representative capacity.
The comment to the New Uniform Commercial Code indicates that this section admits parol evidence in litigation between the immediate parties to prove signature by the agent in his representative capacity, where the instrument names the person represented but does not show that the person signed in a representative capacity. See comment under F.S. § 673.3-402 F.S.A.; 4A Fla.Jur., Bills, Notes, Etc., § 349; 23 A.L.R.3rd 932, 967; 11 Am.Jur.2d, Bills and Notes, § 558, p. 629. See also the comment in Schaufelberger v. Mister Softee, Inc., Fla.App. 1972, 259 So.2d 175.
In the case sub judice the check signed by appellant was ambiguous on its face as to whether she had signed as a co-maker or in a representative capacity. Parol evidence was therefore admissible to show the intention of the parties.
Appellant testified that she never intended to sign the check in question in an individual capacity, but that she signed it in her representative capacity, which she had authority to do. Appellee produced no evidence to controvert this testimony. The presumption that she signed in a personal capacity was overcome by the manifest weight of the evidence. The burden then shifted to appellee to prove the issue by a preponderance of the evidence, unaided by the presumption, which he failed to do. Locke v. Stuart, Fla.App. 1959, 113 So.2d 402; 13 Fla.Jur., Evidence, § 76.
The judgment appealed is therefore reversed.
Reversed.
LILES, Acting C.J., and McNULTY, J., concur.