354 So.2d 1235 (1978)
HAVATAMPA CORPORATION, Appellant,
v.
WALTON DRUG CO., INC., d/b/a Touchton Drugs, and Robert E. Edrington, Appellees.
No. 77-594.
District Court of Appeal of Florida, Second District.
February 1, 1978.
Rehearing Denied February 28, 1978.
Edward M. Waller, Jr., of Fowler, White, Gillen, Boggs, Villareal & Banker, Tampa, for appellant.
Robert Goldhagen, Tampa, for appellee Robert E. Edrington.
HOBSON, Acting Chief Judge.
The question presented by this appeal is whether a complaint on a promissory note states a cause of action against an agent as an individual where the principal's name is on the face of the note and the agent signed his name and office but the note does not clearly indicate an understanding by the parties to the note that the agent not be individually liable. The court below ruled that the complaint did not state a cause of action against the agent and ordered the agent dismissed from the action. We disagree and reverse that order.
Havatampa sold wholesale merchandise to Walton Drugs, Inc. on open account. A form promissory note was executed evidencing this debt. The note stated, "we promise to pay... ." The word "we" was typewritten in the printed sentence. The printed signature lines, including the words "seal," were introduced by a typewritten identification of the makers as follows:
*1236
 Walton Drug Co., Inc. d/b/a Touchton Drugs
 and/or ____________________________ (Seal)[x]
 Bob Edrington, Owner
 ____________________________ (Seal)[x]
The "x" marks were handwritten. Edrington executed the note by signing as follows: "Bob Edrington, President." This signature of Edrington's name was placed on the second signature line.
Havatampa brought suit on the note against Walton Drugs, Inc. and Edrington. Edrington sought dismissal from the suit because "... the Note, which is the subject matter of the Complaint herein, clearly indicates that it was executed by the President of the corporation and not personally by the Defendant, Robert E. Edrington." Havatampa offered parol evidence that Edrington was informed at the time of execution that Havatampa required Edrington's personal liability on the note. The trial court dismissed Edrington from the suit. In support of the trial court's ruling, Edrington argues 1) that the note unambiguously indicates that the corporation only was liable and parol evidence would not be admissible to show Edrington was bound; and 2) that, as a matter of law, Edrington signed in a "representative capacity" and is therefore absolved of personal liability under Section 673.403, Florida Statutes (1975).
This case is unique in that the name of the principal, Walton Drugs, Inc., appears in the note with the signature and office of the agent but the manner in which it appears is such that the signature of the agent and notation of his office do not clearly indicate that the agent was signing as an agent only and not as an individual.[1] We are of the opinion that the face of the note does not sufficiently reflect the understandings of the parties so as to preclude introduction of parol evidence of the understandings of the parties concerning Edrington's personal liability, and does not avail Edrington of the freedom from personal liability provided by Section 673.403(3). Accordingly, the complaint grounded on the note stated a cause of action against Edrington as an individual.
Neither the body of the note nor the form of Edrington's signature preclude parol evidence establishing Edrington's personal liability. They do not unambiguously indicate that Edrington was signing as an agent only and not as an individual. The use of "and/or" in the typewritten identification of the makers of the note could indicate 1) that the corporation only was to be bound; 2) that Edrington only was to be bound; or 3) that both the corporation and Edrington were to be bound. This typewritten identification of the makers is of no probative value in determining the capacity in which Edrington signed the note. Turning, then, to Edrington's signature in isolation, we find that Edrington signed the note "Bob Edrington, President" on the line allocated for the signature of "Bob Edrington, Owner." One can only speculate from the face of the note whether the parties understood Edrington's use of the word "President" as a description of the signor [as a descriptio personae as the term "Owner" was used,[2] or as a limitation of Edrington's capacity. The face of the note is patently ambiguous in its identification of the "we" who were promising to pay the note.[3] The parol evidence rule does not foreclose the statement by the complaint of a cause of action against Edrington.
The law of negotiable instruments also does not preclude Havatampa's claim against Edrington as an individual. Edrington *1237 argues that he complied with Section 673.403(3) and is therefore absolved from personal liability on the note. Section 673.403(3) provides that "(e)xcept as otherwise established, the name of an organization preceded or followed by the name and office of an authorized individual is a signature made in a representative capacity" thereby relieving the signor from liability under this signature. We are of the opinion that the form of Edrington's signature on this note is not sufficient under this provision to relieve Edrington of liability.
Section 673.403 embodies an adaptation of the parol evidence rule to the special needs of negotiable writings. It is not a departure from the prior rule of agency that if an agent wishes to avoid personal liability on contracts executed on behalf of the principal, he must clearly indicate this understanding of the parties in the terms of the contract or in the form of his execution of the contract. Compare 1 Fla.Jur. Agency § 31 with Betz v. Bank of Miami Beach, 95 So.2d 891, 894 (Fla. 1957). Nor does this statute change the rule of Spofford v. Hanna, 102 Fla. 261, 135 So. 536 (1931), that where there is ambiguity whether an agent signed in a representative capacity or in an individual capacity, the construction most against the person signing should prevail.
Under our negotiable instruments statute, if the face of the note unambiguously reflects the understanding of the parties that the agent not be bound on the instrument, the agent is free from personal liability. Section 673.403(3), Florida Statutes (1975). Conversely, if the note unambiguously establishes the understanding of the parties that the agent be personally liable, the agent is bound by the terms of the instrument. However, under the formula in Subsection (2)(b) of Section 673.403, if the form of the agent's signature is such that reasonable persons examining the face of the instrument could arrive at different conclusions as to whether the parties intended the agent to be bound, then the agent will be bound "except as otherwise established between the immediate parties." This presumptive construction against the agent whose signature appears on the note furthers the policy of the Uniform Commercial Code to promote certainty and definiteness in commercial paper. To avoid the construction, the agent must sign in a manner which tells everyone that the agent is signing, or has signed, as an agent only. This makes commercial paper easier to read and eliminates technical objections by prospective takers of the paper, thereby enhancing negotiability.[4] Where this ambiguity exists on the face of the note, parol evidence is admissible in litigation between the original parties to the note to establish the understanding of the parties at the time the note was executed. Speer v. Friedland, 276 So.2d 84 (Fla. 2d DCA 1973); Dynamic Homes, Inc. v. Rogers, 331 So.2d 326 (Fla. 4th DCA 1976).
Subsection (3) of Section 673.403 provides one formula for the signature of an agent on behalf of his principal under which the agent cannot be found to be personally obligated. This formula requires 1) that the represented organization be named; 2) that the agent sign his name and office; and 3) that the name of the principal and signature and office of the agent be in reference to each other so that reasonable men dealing with the instrument would understand from the face of the note that the agent's signature was in a representative capacity only, and not in an individual capacity [hence the requirement of Subsection (3) that the principal's name be "preceded or followed" by the name and office of the agent].[5]
*1238 Edrington did not sign the note in a manner which clearly shows to those dealing with the note that he was acting as a representative only, and not as an individual. Not only has Edrington failed to sign the note "Walton Drugs, Inc., by Bob Edrington, President," as envisioned by the Uniform Commercial Code as "the unambiguous way to make the representation clear,"[6] but also there is no logical reference between Edrington's signature and the identification of Walton Drugs, Inc.[7] Had the note not identified Walton Drugs, Inc., Edrington's signature undoubtedly would have resulted in his being personally liable, "except as otherwise established by the immediate parties." Section 673.403(2)(b), Florida Statutes (1975); Paragraph 3, Official Comment, U.C.C. § 3-403 (amended 1966) [see illustration (d) and accompanying comment] quoted in part in Dynamic Homes, Inc. v. Rogers, supra. We see no reason to vary this result merely because the name of the principal appears somewhere on the note but appears to have no intended effect upon the agent's signature which, standing alone, would subject the agent to personal liability. The use of "and/or" in the identification of the makers destroyed any effect which the naming of the principal would have had as a limitation of the agent's capacity (especially where, as here, the agent signed on the line reserved for his signature as an individual). Edrington not having availed himself of the opportunity expressed in Section 673.403 to escape personal liability, we feel it clear that he may be bound individually as a maker. Betz v. Bank of Miami Beach, supra. As noted in Betz:
"The result of this decision may be considered to be harsh. Yet in view of the importance of negotiable instruments in business, banking and finance, the need for certainty and stability in the meaning of what appears on the face of such instruments and in view of what we believe the intention and meaning of the pertinent sections of the [negotiable instruments statute] to be we believe the rule we have adopted to be the better view. We believe this rule will cause less harm to commerce and result in less litigation than if we adopted the opposite view." Betz v. Bank of Miami Beach, supra, at 894.
The complaint stated a cause of action against Edrington individually. Falsten Realty Co. v. Kirksey, 103 Fla. 225, 137 So. 267 (1931). The trial court's order dismissing Edrington from the suit was reversible error. The order must be, and is hereby, reversed and the cause remanded for further proceedings consistent with this opinion.
RYDER and DANAHY, JJ., concur.
NOTES
[1] Annot. 82 A.L.R.2d 424 (1962) contains illustrations and discussion of some of the many permutations of agents' signatures. None of these illustrations fits the instant case. Research has not disclosed a similar case elsewhere.
[2] See the discussion of "descriptio personae" in Manufacturer's Leas., Ltd. v. Florida Dev. & Att., Inc., 330 So.2d 171 (Fla. 4th DCA 1976).
[3] The significance of the use of "we promise to pay ..." varies from case to case, but in the instant case it attains greater significance since the typewritten identification of the makers indicates that Edrington could have been expected to sign (in his individual capacity) in addition to, and as a co-maker with, Walton Drugs, Inc. E.g., Norman v. Beling, 33 N.J. 237, 163 A.2d 129 (1960).
[4] These policies and intended effects are discussed in J. White and R. Summers, Uniform Commercial Code § 13-4 (West Publishing Co., 1972); 2 Anderson, Uniform Commercial Code § 403:7. The latter work urges:

"It should therefore be held that unless a signing `clearly' shows that the signer is acting in a representative capacity and has brought himself within the scope of Code § 3-403, that he is individually bound." (at p. 913-914)
See also Betz v. Bank of Miami Beach, supra, at 892.
[5] One treatise refers to three similar requirements for an agent's signature to avoid personal liability on a note executed on behalf of a principal as "three imperatives." White and Summers, Uniform Commercial Code, § 13-5.

The case of Southern Oxygen Supply Company v. Goliam, 230 Ga. 405, 197 S.E.2d 374 (1973) indicates the problems which may arise where the corporation is not named immediately preceding or following the signature of the agent and notation of his office.
[6] Paragraph 3, Official Comments, U.C.C. § 3-403 (amended 1966).
[7] The cases discussed in 113 A.L.R. 1364 at 1372 to 1374 (1938) illustrate the confusion which may arise even where the corporation is named elsewhere in the note.