382 So.2d 1336 (1980)
The BANK OF MIAMI, a Florida Banking Corporation, Appellant,
v.
Jose ARMENTEROS and Miriam Armenteros, His Wife, Appellees.
No. 79-1736.
District Court of Appeal of Florida, Third District.
April 29, 1980.
Layne & Brill and Richard Bernstein, Miami, for appellant.
No appearance, for appellees.
Before HENDRY and BASKIN, JJ., and EZELL, BOYCE F., Jr. (Ret.), Associate Judge.
BASKIN, Judge.
This appeal is predicated upon the trial court's determination that the reverse side of a promissory note was executed in the signer's corporate capacity. We hold that the trial court erred in excluding parol evidence concerning intent and reverse.
The Bank of Miami sued to recover on a collateral note executed by A & H Plumbing Corporation, Jose Armenteros, President, and allegedly personally guaranteed by Jose Armenteros and Miriam Armenteros, his wife. Although the bank prevailed against the corporate defendant, it was unsuccessful against the individual defendants. The trial court found that Jose Armenteros had executed not only the face of the note as president, but he had also executed the guarantee on the reverse side of the note as president.
The bank maintains the reverse side of the note constituted a separate contract, that this separate contract was ambiguous, and that it should have been permitted to present parol evidence just as Jose Armenteros was permitted to explain the intent behind the signature on the guarantee. We agree.
The ambiguity on the reverse side of the note appears in the addition of the word "President" after the signature above the typed language "Jose Armenteros". Parol evidence is admissible to explain an ambiguity appearing on the face of the note. Placet, Inc. v. Ashton, 368 So.2d 404 (Fla. 3d DCA 1979); Havatampa Corp. v. Walton Drug Co., Inc., 354 So.2d 1235 (Fla. 2d DCA 1978); Giacalone v. Bernstein, 348 So.2d 679 (Fla. 3d DCA 1977); Dynamic Homes, Inc. v. Rogers, 331 So.2d 326 (Fla. 4th DCA 1976); Speer v. Friedland, 276 So.2d 84 (Fla. 2d DCA 1973); Bryant v. Food Machinery and Chemical Corporation Niagara Chemical Division, 130 So.2d 132 (Fla. 3d DCA 1961). Thus parol evidence should have been admitted to resolve the ambiguity.
To avoid personal liability by an agent, the agent must clearly indicate the understanding of the parties in the form of *1337 his execution of a contract or in the contract itself. Betz v. Bank of Miami Beach, 95 So.2d 891 (Fla. 1957); Havatampa Corp. v. Walton Drug Co., Inc., supra.
The ambiguity on the face of the reverse side of the note is corroborated by the fact that the note is a renewal of a prior note signed on its reverse side by Jose Armenteros in his individual capacity as well as by the fact that his wife guaranteed his payments.
For the foregoing reasons, we reverse the decision of the trial court and remand for proceedings in accordance with this opinion.