ALTENBERND, Judge.
Ernestine V. Nuttall appeals a judgment in favor of Frances Jesonis on a promissory note. We reverse because Ms. Nuttall is entitled to present parol evidence explaining the capacity in which she signed the note.
On January 1, 1990, Ms. Jesonis loaned $20,000 to Keith Everitt, Inc. Ms. Jesonis explained at trial that she extended this loan in connection with Keith Everitt’s retail jewelry business. Mr. Everitt signed the note as “president,” and indicated that it would be “secured by the assets of Keith Everitt (personally) and the assets of Keith Everitt Incorporated, a Florida Corporation.” The promissory note was otherwise a fill-in-the-blank form. Mr. Everitt did not pay this note when it became due on December 31, 1990. There is evidence that by May 1991, Ms. Nuttall had become the president and resident agent of Keith Everitt, Inc., which had changed its name to Isle O’ Gold Group, Inc.
On January 29,1992, a handwritten addendum was added to the bottom of the promissory note. That addendum states:
1/29/92 Addendum to Existing Note Due 12/31/90.
Extension Due Date on or Before December 31,1992.
Agreed to on Jan. 29,1992, By-»
/s/ Ernestine V. Nuttall
/s/ Frances M. Jesonis
*244 The promissory note was not paid by the extension date, and Ms. Jesonis eventually filed this lawsuit.
At trial, Ms. Nuttall attempted to introduce evidence that she had negotiated this agreement with Ms. Jesonis and signed the extension as the new president of the corporation, and that no personal liability had been intended. The trial court found that the note was clear and unambiguous, declined to consider the parol evidence, and entered judgment against Ms. Nuttall personally.
Because Ms. Nuttall signed the extension agreement in January 1992, the 1991 statutes apply.[1] Section 673.403, Florida Statutes (1991), provided that parol evidence is admissible in an action between the immediate parties to a negotiable instrument to prove that a signature was signed in a representative capacity if the instrument names the person represented but does not show that the agent actually signed in a representative capacity. See Havatampa Corp. v. Walton Drug Co., 354 So.2d 1235 (Fla. 2d DCA 1978); Speer v. Friedland, 276 So.2d 84 (Fla. 2d DCA 1973). The original promissory note named Kenneth Everitt, Inc., as the obligor. Under section 673.403, this note is not clear and unambiguous. Accordingly, Ms. Nuttall is entitled to have the trial court consider her parol evidence in Ms. Jesonis’s action against her on the note.
Reversed and remanded for further proceedings consistent with this opinion.
PARKER, A.C.J., and QUINCE, J., concur.

. For promissory notes created after May 11, 1992, section 673.4021, Florida Statutes (1993), controls. See art. Ill, § 9, Fla. Const. We do not intend to suggest that the result would be different under the new statute. See U.C.C. § 3-402 cmt. 2 (1991).