SHEVIN, Judge.
Suzanne De Maria [De Maria] appeals a final judgment finding her personally liable on a promissory note. We affirm.
In 1990, Alan H. Potamkin loaned The Classic Touch, Inc., $200,000. Potamkin was assured by De Maria’s husband, Joseph De Maria, that De Maria would personally guarantee the indebtedness. Potamkin’s business practice was to extend loans only in exchange for personal guarantees. De Maria signed a promissory note, prepared by The Classic Touch, Inc’s corporate secretary, for the loan amount; the corporation’s name was typed under her signature.[1] There is no indication that De Maria signed only in her representative capacity. The corporation repaid $75,-000.
Potamkin sued De Maria, individually, and the corporation to recover the unpaid amount of $125,000. At the bench trial, the parties presented conflicting parole evidence regarding the parties’ expectations at the time of the loan as to whether De Maria had personally guaranteed the note. There was also conflicting evidence regarding whether De Maria was an officer of The Classic Touch, Inc. The court found De Maria and the corporation jointly and severally liable for the note and entered judgment against both defendants. De Maria appeals.
We hold that the trial court, as finder of fact, was acting within its province of weighing the credibility of the witnesses when it found Potamkin’s testimony credible and chose to disbelieve De Maria’s version of the events. Ross v. Bandi, 566 So.2d 55 (Fla. 4th DCA 1990); S. Kornreich & Sons, Inc. v. Titan Agencies, Inc., 423 So.2d 940 (Fla. 3d DCA 1982). Based on the parole evidence presented, the court correctly concluded that De Maria did not overcome the presumption created by section 673.403(2), Florida Statutes (1989)[2], and was personally liable for the indebtedness. Hind-Marsh, v. Puglia, 665 So.2d 1091 (Fla. 3d DCA 1995); Placet, Inc. v. Ashton, 368 So.2d 404 (Fla. 3d DCA), cert. denied, 378 So.2d 347 (Fla.1979), and cert. denied sub nom. Esser v. Ashton 378 So.2d 343 (Fla.1979); Speer v. Friedland, 276 So.2d 84 (Fla. 2d DCA 1973).
Affirmed.

. The note is signed as follows:
/s/ Suzanne De Maria Suzanne De Maria

. We note that section 673.403 was repealed by chapter 92-82, section 1, Laws of Florida, effective January 1, 1993. Section 673.4021, Florida Statutes, was enacted to take the place of 673.403. Ch. 92-82, § 2, Laws of Fla. The amendment is not retroactive to this January 1990 transaction. Serna v. Milanese, Inc., 643 So.2d 36 (Fla. 3d DCA 1994).