812 So.2d 580 (2002)
Aldo BERTI, Appellant,
v.
CEDARS HEALTHCARE GROUP, LTD., Appellee.
No. 3D01-3460.
District Court of Appeal of Florida, Third District.
April 3, 2002.
*581 Clifford Kornfield, for appellant.
Fowler White Boggs and Banker and Francis B. Geary, Jr. and Joshua A. Payne (West Palm Beach) and Charles Tyler Cone (Tampa), for appellee.
Before SCHWARTZ, C.J., and GODERICH and FLETCHER, JJ.
PER CURIAM.
Because it affirmatively appears that the appellant was personally liable, see § 673.4021(2)(b), Fla. Stat. (1995); Spofford v. Hanna, 102 Fla. 261, 135 So. 536 (1931); Williamson v. Bertino, 685 So.2d 93 (Fla. 4th DCA 1997); De Maria v. Potamkin, 680 So.2d 1061 (Fla. 3d DCA 1996); Steele v. Hallandale, Inc. 125 So.2d 587 (Fla. 2d DCA 1960), on a guarantee of the provisions of an agreement, which included an arbitration clause, between the appellee and another person, see Management Computer Controls, Inc. v. Charles Perry Constr., Inc., 743 So.2d 627 (Fla. 1st DCA 1999); Quix Snaxx, Inc. v. Sorensen, 710 So.2d 152 (Fla. 3d DCA 1998), he was bound as a matter of law to arbitrate the instant dispute. See Asplundh Tree Expert Co. v. Bates, 71 F.3d 592 (6th Cir. 1995); Cuningham Hamilton Quiter, P.A. v. B.L. of Miami, Inc., 776 So.2d 940 (Fla. 3d DCA 2000); Quix, 710 So.2d at 152; Vic Potamkin Chevrolet, Inc. v. Bloom, 386 So.2d 286 (Fla. 3d DCA 1980). Accordingly, the order below requiring arbitration is
Affirmed.