NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

MONIQUE M. AGIA and LISA AGIA, )
individually, and as cotrustees of the )
Agia Children Irrevocable Trust under )
trust agreement dated December 17, )
1992, )
        )
     Appellants, )
        )
v. )    Case No. 2D16-4659
        )
FAREED OSSI, )
        )
     Appellee. )
_____)

Opinion filed April 6, 2018.

Appeal from the Circuit Court for
Hillsborough County; Elizabeth G. Rice,
Judge.

Arnold D. Levine and Robert H.
Mackenzie of Levine & Sullivan, P.A.,
Tampa, for Appellants.

Stuart J. Levine and Heather A.
DeGrave of Walters Levine & Lozano,
Tampa, for Appellee.


KELLY, Judge.

     Monique and Lisa Agia, individually and as cotrustees, appeal from the

final judgment in favor of the appellee, Fareed Ossi, in an action on a promissory note.

The dispositive issue in this appeal is whether the trial court erred in finding that Mr. Ossi was not individually liable on the promissory note.

The note represented a loan from the Agias to the Lelia Corporation of St. Pete. Mr. Ossi was a 25% owner of the Lelia Corporation and Monique and Lisa Agia's mother, Susan Agia, owned the remaining 75%. The signature page of the note contains the following two signature blocks:

The Lelia Corporation of St. Pete,
a Florida corporation,

By: _____           _____
Fareed Ossi, as President                 Fareed Ossi, individually
Federal Tax ID No. _____        Social Security No. _____

Mr. Ossi signed the note twice–first as president and then individually. When the Lelia Corporation defaulted on the note, the Agias sued Mr. Ossi in his individual capacity.

Mr. Ossi raised four defenses to the complaint, only two of which are pertinent to this appeal. First, Mr. Ossi claimed fraud in the inducement. Specifically, he alleged that he was legally blind, a fact known to agents of the Agias, that those agents represented to him that he was only signing on behalf of the Lelia Corporation, which the agents knew to be false, and that they never told him he was signing on a line that said "Fareed Ossi, individually." Mr. Ossi next asserted that because of the alleged fraud, he believed he was only signing the note on behalf of the Lelia Corporation and thus, there was no "meeting of the minds" as to "the nature of the promissory note," and he should not be held liable individually.

At trial, Mr. Ossi presented no testimony that supported the allegations of fraud in his affirmative defenses. What he did testify to was that he signed "a bunch" of

documents, but he never read any of them; that both signatures on the note were his; that he never read the note; that he never saw the note before the lawsuit was filed; that he did not know he had also signed a purchase money mortgage along with the note; that he did not have the magnifier he used for reading with him when he signed all the documents; that his administrative assistant of twenty-seven years, who signed as a witness on the mortgage, was with him when he signed the note, but he did not ask his assistant to review the note or any other documents; and finally, that he thought he was only signing for the Lelia Corporation.

When it announced its findings, the trial court found that Mr. Ossi had failed to prove fraud as alleged in his defenses. Because his "meeting of the minds" defense was based entirely on the allegations of fraud, this should have concluded the matter of Mr. Ossi's individual liability on the note. However, defense counsel, perhaps realizing Mr. Ossi's testimony was problematic to his chosen defense, had more or less abandoned that defense and instead shifted to an argument that the note did not unambiguously show Mr. Ossi intended to be personally obligated. Thus, he argued the court should consider parol evidence to determine in what capacity Mr. Ossi signed the note. In support of this argument, counsel pointed to everything about the transaction at issue except the signatures affixed to the note and succeeded in convincing the court that there was no "meeting of the minds" among the parties that Mr. Ossi be personally liable as a borrower. This was error.

Parol evidence may be considered when the manner in which a party signs a promissory note is such that the capacity in which the party signed is ambiguous. See § 673.4021(2)(b), Fla. Stat. (2016); Landis v. Mears, 329 So. 2d 323,

325-26 (Fla. 2d DCA 1976) (noting that a court may consider parol evidence when there is an ambiguity on the face of the instrument concerning the capacity in which the parties entered an agreement).  Here, however, there is no ambiguity created by the signatures.  Mr. Ossi signed first "as President" of the Lelia Corporation and then signed a second time "individually."  His first signature was clearly in a representative capacity, while the second time he signed he did so "exactly as he would have if it had been his intention to bind himself individually."  See Marinelli v. Weaver, 187 So. 2d 690, 692 (Fla. 2d DCA 1966) (quoting Betz v. Bank of Miami Beach, 95 So. 2d 891, 894 (Fla. 1957)) (rejecting parol evidence and holding that a party was individually liable where "there is no confusion as to the Capacity in which the individuals signed the note.  It was signed first on behalf of the corporation, 'by John H. Garner (signature), President', with the corporate seal attached, and then by each of the individual persons separately, with the word 'Individually' typewritten after each of their signatures").

Accordingly, we reverse the final judgment and remand for entry of a final judgment in favor of the Agias.

Reversed.

CRENSHAW and BLACK, JJ., Concur.

- 4 -