THE FIRST NEW HAVEN NATIONAL BANK *v.* GEORGE B. CLARKE ET AL.

COURT OF COMMON PLEAS    NEW HAVEN COUNTY    FILE NO. 98530

Memorandum filed December 15, 1976

Memorandum on demurrer. *Demurrer overruled.*

*Lattanzi, Vishno & Levine,* for the plaintiff.

*Belford, Belford & Floman,* for the defendants.

JACOBS, J. In the complaint the plaintiff alleged that "[b]y a note dated October 23, 1974, Progressive Management Corp. promised to pay to the plaintiff on demand the sum of $9,805.25 plus interest and costs of collection including a reasonable attorney's fee in the event of default." In paragraph two of the complaint the plaintiff further alleged that "[t]he defendants, George B. Clarke, Robert P. Williams and Elder Young, endorsed said note as follows: 'Presentment for payment and notice of nonpayment are hereby waived. Further each endorser consents without notice or further assent (a) to the terms and conditions of this note or any renewal or extension thereof, (b) to the exchange or surrender of the collateral, and (c) to extension of time for payment, or change of interest rate, of this note or of the collateral, and as endorser agrees that upon or after any default in the maker's liability or maker's agreement, holder may exercise, with respect to endorser's personal property at any time in the possession or control of holder in any capacity, the same rights of application to maker's liability and of addition to collateral under the within and foregoing notes as holder thereunder has with respect to maker's personal property.'" In paragraph three of the complaint, the plaintiff alleged that "[s]aid note is in default and there is presently due the sum of $9,805.25 plus interest from November 25, 1974 at the rate of twelve and 3/4 (12-3/4%) per cent per annum accrued at the rate of $3.47 per diem, plus reasonable attorney's fees and costs of collection as the Court may order."

The defendants demurred to the complaint on the ground that the "quoted language in Paragraph 2 . . . does not constitute a guarantee or obligation to pay said promissory note." The defendants also demurred to the prayer for relief on the ground

that the "plaintiff is not entitled to such relief (money damages and attorney's fees) for the reason that the plaintiff's rights set forth in the quoted language appearing in Paragraph 2 apply only to personal property or collateral of the defendants and not with respect to any personal liability for payment of the promissory note or money damages."

Problems arising from surety arrangements are as old as recorded history.[1] "Broadly defined, a surety is a party to a contract who agrees to pay the obligation of another under some circumstances." Peters, "Suretyship Under Article 3 of the Uniform Commercial Code," 77 Yale L.J. 833, 836.[2] " 'The term surety is very often used in the broad sense as including both technical surety and guarantor, *i.e.,* all obligations in which the promisor is answering for a loan or extension of credit from the creditor to the principal debtor.' " Id., n.15; see Restatement, Security § 82 (the Restatement uses *guaranty* as a synonym for suretyship). "More than that of any other party to commercial paper, the endorser's liability is *like* that of a surety." 2 Hart & Willier, Commercial Paper Under the U.C.C., Bender's Uniform Commercial Code Service, § 8.01; see *American National Bank of Powell* v. *Foodbasket,* 493 P.2d 403 (Wyo.). One who signs an instrument without clear indication of capacity or intention automatically becomes an endorser by virtue of § 42a-3-402 of the General Statutes, and such an endorser makes the engagement of General Statutes § 42a-3-414 (1) that he will pay if the instrument to which he has subscribed is dishonored

[1] "He that is surety for a stranger shall smart for it." Proverbs 11:15.

[2] See also Martin, "Some Suggestions for Nonurgent Reforms in the UCC's Treatment of Accommodation Parties," 6 U. Mich. J.L. Ref. 596; Murray, "Accommodation Parties: A Potpourri of Problems," 22 U. Miami L. Rev. 814.

by its designated payor. Thus, as pointed out, the concept of the secondary liability of an endorser finds something of a parallel in the liability of a surety. A surety may appear on a negotiable instrument as an "accommodation party" who, pursuant to § 42a-3-415 (1) of the General Statutes, signs "in any capacity for the purpose of lending his name to another party to it."

The endorser's liability, of course, is conditioned on certain formal procedures, such as due presentment and proper notice. See General Statutes § 42a-3-501; 10 C.J.S., Bills and Notes, § 384. Under the provisions of General Statutes § 42a-3-511 (2), however, "[p]resentment or notice or protest as the case may be is entirely excused when (a) the party to be charged has waived it expressly or by implication either before or after it is due . . . ." See Uniform Laws Annotated, Uniform Commercial Code § 3-511, comment 3.

The endorsements on the reverse side of the note in this case provide that "[p]resentment for payment and notice of nonpayment are hereby waived." Such an endorsement automatically operates as a waiver. The endorsers of the note in question have the major attributes of suretyship. They have endorsed the instrument "without clear indication of capacity or intention. Any such signatory automatically becomes an indorser by virtue of Section [42a-3-402]; and any such indorser makes the engagement of Section [42a-3-414] . . . ." Peters, op. cit., 837. An endorser is bound by the waiver which he endorses. *Billingsley* v. *Kelly*, 261 Md. 116; see 3 Anderson, Uniform Commercial Code (2d Ed.) § 3-511:30.

The court does not agree with the defendants' contention that "the quoted language in Paragraph 2 [of the complaint] . . . is ambiguous"; therefore,

the court does not deem it necessary to consider the cases cited in the defendants' brief as relevant to the issues raised on demurrer. If, as the defendants contend, the "language appearing in Paragraph 2 [applies] only to personal property or collateral . . . and not with respect to any personal liability . . . ," the court refers counsel to the article by Peters, op. cit., 848 (*Parol Evidence*). See also General Statutes § 42a-3-119; 3 Corbin, Contracts § 587, pp. 510–14.

For the reasons stated herein the demurrer must be and is overruled.