385 So.2d 1078 (1980)
Harold OPPENHEIM, Appellant/Cross-Appellee,
v.
JULES JERGENSEN CORPORATION, a Corporation, Appellee/Cross-Appellants.
No. 79-132.
District Court of Appeal of Florida, Fourth District.
June 18, 1980.
Rehearing Denied July 29, 1980.
*1079 Paul R. Lipton, North Miami Beach, for appellant/cross-appellee.
Lee B. Gartner of Sobo & Wellens, Fort Lauderdale, for appellee/cross-appellant.
DOWNEY, Judge.
Appellant seeks reversal of a final judgment for appellee finding appellant personally liable on four promissory notes.
The evidence reflects that appellant was the President of Oppenheim Distributors, Inc., which operated a jewelry business in Dade County. Over a period of five or six years the corporation purchased merchandise from appellee, Jules Jergensen Corporation, and paid for it out of the corporation's bank account. On March 10, 1973, appellant prepared four promissory notes in the principal sum of $2237.35, payable to appellee. On the lines provided for the maker's signature each note contained the following:
Oppenheim Distributors, Inc.
Harold Oppenheim
The name of the corporation was typed and appellant's name was signed.
When the notes became due and were unpaid appellee commenced this suit to recover the principal and interest due thereon. Appellant admitted the execution of the notes, but alleged he had executed them not as an individual but in his capacity as President of the Oppenheim Distributors, Inc. At trial appellee proved the existence of the notes, the amount due, and rested. Appellant testified in his own behalf that the notes were executed by him as President of Oppenheim Distributors, Inc.; that the corporation executed notes from time to time in payment for merchandise; and that he had never been asked to sign any corporate obligation in an individual capacity.
Thus, the only proof in the record bearing on the intention of the parties as to appellant's individual liability as opposed to corporate liability was appellant's testimony. Appellee objected to the admission of parol evidence of the intention of the parties regarding the maker of the notes; however, the court overruled the objection and we think correctly so. Section 673.403(2), Florida Statutes (1977), (which adopts verbatim the provisions of the U.C.C. § 3-403(2), Florida Statutes (1977), (which adopts verbatim the provisions of the U.C.C. § 3-403) provides:
"673.403 Signature by authorized representative. 
* * * * * *
(2) An authorized representative who signs his own name to an instrument:
(a) Is personally obligated if the instrument neither names the person represented nor shows that the representative signed in a representative capacity;
(b) Except as otherwise established between the immediate parties, is personally obligated if the instrument names the person represented but does not show the representative signed in a representative capacity, or if the instrument does not name the person represented but does show that the representative signed in a representative capacity."
The official comments to the Uniform Commercial Code make clear that where the instrument shows two names in the spot designated for payors' signature, thus creating an ambiguity, parol evidence is permitted to ascertain whether one signature was affixed in a representative capacity. The comments contain the following example and explanation:
(e) `Peter Pringle
Arthur Adams'.
[T]he section admits parol evidence in litigation between the immediate parties to prove signature by the agent in his representative capacity.
Parol evidence was therefore admissible in this case because the manner in which the maker signed the notes creates *1080 an ambiguity justifying the admission of parol evidence. Schwartz v. Disneyland Vista Records, 383 So.2d 1117 (Fla. 4th DCA 1980).
Appellee contends that there was no ambiguity because the notes read "we promise to pay to the order of Jules Jurgensen Corp." Appellant testified that in preparing the notes he thought the proper way to refer to the corporation was by the pronoun "we."
On the record presented here it is our conclusion that appellee failed to prove the appellant was liable on the notes in question. See: Speer v. Friedland, 276 So.2d 84 (Fla. 2d DCA 1973). Accordingly, the judgment appealed from is reversed and the case remanded with directions to enter judgment for appellant.
REVERSED AND REMANDED with directions.
ANSTEAD and MOORE, JJ., concur.