396 So.2d 802 (1981)
NEW YORK FINANCIAL, INC., a Florida Corporation, Appellant,
v.
J & W HOLDING COMPANY, INC., a Florida Corporation, and Richard S. Shaulis, Appellees.
No. 80-1433.
District Court of Appeal of Florida, Third District.
March 31, 1981.
Rehearing Denied April 28, 1981.
*803 Eli Breger, North Miami Beach, for appellant.
Kuperman & Mermell and Marc A. Kuperman, Coral Gables, for appellees.
Before HENDRY, SCHWARTZ and NESBITT, JJ.
SCHWARTZ, Judge.
New York Financial, Inc. was the payee of a $3,030.03 promissory note executed by "J & W Holding Company, Inc. By: Richard S. Shaulis, President," which was to be paid "[i]n the manner set forth on the reverse." On the rear of the instrument, under the typed description of the manner of payment and a definition of the attorney's fees provided for, Shaulis simply signed his name, without an identifying or limiting designation of any kind. The note was not paid, and New York Financial sued both J & W and Shaulis in the Dade County circuit court. Summary judgment was entered without objection against the corporate maker, J & W. As to Shaulis' personal liability, both parties moved for summary judgment. Shaulis' was supported by his affidavit stating that "[t]he promissory note ... as well as the Manner of Payment form signed by affiant was done so [sic] in a representative capacity, for and in behalf of J & W Holding Company, Inc., and not in an individual capacity." The trial judge granted Shaulis' motion and denied the plaintiff's. Because he should have reversed those rulings, we reverse his. We do so because.
(1) It is evident that Shaulis' signature on the reverse of the instrument[1] must be deemed an indorsement under Section 673.402, Fla. Stat. (1979), which provides that "[u]nless the instrument clearly indicates that a signature is made in some other capacity it is an indorsement."[2] See, Security Pacific National Bank v. Chess, 58 Cal. App.3d 555, 129 Cal. Rptr. 852, 855 (1976); First New Haven National Bank v. Clarke, 33 Conn. Supp. 179, 368 A.2d 613 (1976); Community National Bank v. Dawes, 369 Mass. 550, 340 N.E.2d 877, 883 (1976); Section 673.202(4), Fla. Stat. (1979) ("Words of assignment, condition, waiver, guaranty, limitation or disclaimer of liability and the like accompanying an indorsement do not affect its character as an indorsement"); 11 Am.Jur.2d Bills and Notes § 358 (1963); and
(2) Shaulis' unqualified and unambiguous signature imposes personal liability upon him as a matter of law, and renders extrinsic evidence, such as his affidavit, incompetent to vary that conclusion. Section 673.403(2)(a), Fla. Stat. (1979), and especially comment 3(b) at 19B Fla. Stat. Ann. 673.3-403 (1966); Schwartz v. Disneyland Vista Records, 383 So.2d 1117 (Fla. 4th DCA 1980), review denied, 392 So.2d 1378 (Fla. 1980), and cases cited; Norfolk County Trust Co. v. Vichinsky, 5 Mass. App. 768, 359 N.E.2d 59 (1977) (applying UCC § 3-402 to indorsement by officer of corporate maker); see also, Betz v. Bank of Miami Beach, 95 So.2d 891 (Fla. 1957); Marinelli v. Weaver, *804 187 So.2d 690 (Fla.2d DCA 1966); compare, Havatampa Corp. v. Walton Drug Co., 354 So.2d 1235 (Fla.2d DCA 1978).
The summary judgment for Shaulis is therefore reversed with directions to enter one in the appellant's favor instead.
Reversed.
NOTES
[1] We are informed that the very meaning of the word "indorsement" is "writing on the back." 11 Am.Jur.2d Bills and Notes § 349 (1963).
[2] Sec. 673.402 is titled "Signature in ambiguous capacity." In this case, it is doubtful whether there is even any ambiguity or legitimate question concerning the fact that Shaulis' individual signature is an indorsement. He argues that it was meant only as a sort of acknowledgement of the description of the manner of payment which preceded it, equivalent, it may be supposed, to initials placed in the margin of a document. This contention seeks to accord the signature a legal status which has been previously unknown to the law of negotiable instruments and ought to remain that way. (It may also be observed that since the face of the note itself specifically incorporated the manner of payment stated on the reverse, which the corporate maker thus acknowledged by executing the instrument, there would be no purpose for Shaulis' additional signature on the rear unless it were indeed an indorsement.) In any event, the appellee's assertion is conclusively laid to rest by Sec. 673.402. As is wisely said in 2 Anderson, Uniform Commercial Code § 3-402:3 (2d ed. 1971):

Because of the importance of this Code section, care should be exercised in signing a negotiable instrument to identify the intended capacity of the signer by the position of his signature or by the use of appropriate descriptive phrases.