555 So.2d 376 (1989)
NEWPORT SEAFOOD, INC., Appellant,
v.
NEPTUNE TRADING CORPORATION, a Florida Corporation, and Alfredo Alvarez, Appellees.
No. 89-726.
District Court of Appeal of Florida, Third District.
October 24, 1989.
Rehearing Denied February 2, 1990.
Sobel & Sobel, and Martin A. Feigenbaum, Miami, for appellant.
Zemel and Kaufman, and Marc Birnbaum, Miami, for appellees.
Before NESBITT, LEVY and GERSTEN, JJ.
GERSTEN, Judge.
Appellant, Newport Seafood, Inc. (Newport Seafood), appeals an order of final summary judgment in favor of appellee, Alfredo Alvarez (Alvarez), on Newport Seafood's claims against Alvarez and Neptune Trading Corporation (Neptune Trading) for tendering worthless checks.[1] We reverse and remand.
Newport Seafood sold and delivered seafood products to Neptune Trading, which were evidenced by invoices and other statements addressed to Neptune Trading. In payment for the seafood products, three checks were tendered to Newport Seafood totalling $10,410.30. The checks were drawn on a Neptune Trading bank account, had "NEPTUNE TRADING CORPORATION" imprinted on the top, and were signed in script by Alvarez, "A. Alvarez." Alvarez was Neptune Trading's President.
After the checks were dishonored, Newport Seafood brought suit against Neptune *377 Trading and Alvarez, individually, raising, inter alia, worthless check claims. Alvarez answered Newport Seafood's complaint and subsequently moved for summary judgment. Alvarez asserted in his motion for summary judgment that the invoices and other exhibits attached to Newport Seafood's complaint established that the seafood products were sold and delivered to Neptune Trading, and not to Alvarez. Alvarez also asserted that the checks were ambiguous as to the capacity in which he had signed them, in a representative capacity only. With his motion, Alvarez submitted an affidavit averring that he had signed the checks only in his capacity as President of Neptune Trading, and that he had never agreed to be personally liable to Newport Seafood on the checks.
Newport Seafood then moved for summary judgment against Neptune Trading and Alvarez, attaching affidavits in support from two of its officers. The trial court denied both Alvarez's and Newport Seafood's motions for summary judgment. Subsequently, Newport Seafood moved for partial summary judgment against Neptune Trading only on its worthless check and other claims. Neptune Trading did not object to the entry of judgment against it. Consequently, the trial court entered final summary judgment in Newport Seafood's favor, against Neptune Trading.
At this juncture, Alvarez renewed his motion for summary judgment. This time Alvarez asserted that the entry of judgment against Neptune Trading precluded, as a matter of law, entry of judgment against him, individually. The trial court entered final summary judgment in Alvarez's favor, from which Newport Seafood brings this appeal.
Newport Seafood raises three key contentions on appeal: (1) that the trial court erred in entering summary judgment in favor of Alvarez because an individual and his corporate principal, may both be held liable under a worthless check theory, where the individual has signed without indicating his representative capacity; (2) that the trial court erred in entering summary judgment in favor of Alvarez on its worthless check claim because under section 673.403(2), Florida Statutes (1987), an individual may be held personally liable on a check when he signs without indicating his representative capacity, and there is no agreement between the parties to exempt him from such liability; and (3) that judgment should be entered in its favor, against Alvarez, as a matter of law.
With respect to whether Alvarez, as well as his corporate principal, Neptune Trading, may both be held responsible to Newport Seafood, this court has recognized that a corporate principal and its representative may both be held liable on a worthless check claim. Provecasa v. Gemini Associated Corporation, 532 So.2d 1106 (Fla. 3d DCA 1988).
We emphasize, however, that in order for a representative to be held liable, his personal obligation under the checks must be established. Section 673.403(2), Florida Statutes (1987), of the Uniform Commercial Code, and cases interpreting this statute, govern a representative's personal liability on worthless checks. Section 673.403(2), Florida Statutes, provides that an authorized representative who signs an instrument without indicating his representative capacity is personally obligated thereon "[e]xcept as otherwise established between the immediate parties."
In this case, Alvarez executed the checks without indicating his representative capacity. Pursuant to this statute, Alvarez is personally obligated on the checks "[e]xcept as otherwise established between the immediate parties." § 673.403(2)(b), Fla. Stat. (1987).
Parol evidence is admissible in those cases in which an ambiguity is found on the face of the instruments regarding the capacity in which the person had signed. Oppenheim v. Jules Jergensen Corporation, 385 So.2d 1078 (Fla. 4th DCA 1980); Medley Harwoods, Inc. v. Novy, 346 So.2d 1224 (Fla. 3d DCA 1977); Speer v. Friedland, 276 So.2d 84 (Fla. 2d DCA 1973).
Here, an ambiguity existed on the face of the checks that Alvarez signed because the name of his corporate principal, "NEPTUNE *378 TRADING CORPORATION," was imprinted on the top of each of the checks. In Medley Harwoods, 346 So.2d at 1226, we held "parol evidence would be admissible at trial to show the intention of the parties" when the individual who had signed the checks had not indicated his representative capacity, and the name of his corporate principal was imprinted at the top of each check.
We therefore conclude the trial court properly considered the parol evidence offered by Alvarez, for the purpose of determining whether it had been "otherwise established between the immediate parties" that Alvarez's signing of the checks was in a representative capacity and not in his personal capacity as well. See § 673.403(2)(b), Fla. Stat. Having ruled that Alvarez's parol evidence was properly considered by the court, we do not likewise rule that summary judgment was properly entered in Alvarez's favor. Newport Seafood offered affidavits of two of its officers, attesting that at no time had an agreement been made that Alvarez would not be personally liable on the checks he signed. Embedded in the foundation of our summary judgment procedure is the fundamental precept that when a genuine issue of material fact has been raised, summary judgment is precluded. Holl v. Talcott, 191 So.2d 40 (Fla. 1966).
Newport Seafood's reliance on New York Financial, Inc. v. J & W Holding Company, Inc., 396 So.2d 802 (Fla. 3d DCA 1981), and Provecasa v. Gemini Associated Corporation, 532 So.2d at 1106, as support for its contention that judgment should be entered in its favor, is misplaced. In New York Financial, the promissory note indicated that payment would be made as set forth on the reverse of the instrument. On the reverse side, under manner of payment, the defendant-appellee had signed his name without any identifying or limiting designation whatsoever. This court ruled that such unqualified and unambiguous signature imposed personal liability upon him as a matter of law. New York Financial, 396 So.2d at 803. No ambiguity appeared on the face of the instrument, as in this case, which would have rendered extrinsic evidence admissible. In Provecasa, 532 So.2d at 1107, this court ruled that judgment should be entered against the signer of the instrument on a worthless check claim where the signer of the instrument had not shown or even contended that he would be exempt from personal liability. In this case, the signer of the checks, Alvarez, has contended and raised an issue of fact regarding his exemption from personal liability.
Accordingly, the final summary judgment in favor of Alvarez is reversed and remanded for further proceedings. The issue of whether it had otherwise been established between the parties that Alvarez was executing the checks in his representative capacity and not in his personal capacity as well, should be resolved at trial.
NOTES
[1] Newport Seafood also appeals an order of the trial court relative to its worthless check claim against appellee Neptune Trading. As the facts that follow demonstrate, Newport Seafood did obtain a final summary judgment in its favor on its worthless check and other claims asserted against Neptune Trading. We deem, therefore, the portion of Newport Seafood's appeal as to Neptune Trading, to be moot.