PER CURIAM.
We reverse and remand the trial court’s final judgment finding that defendant/ap-pellee/Jacky Amar (“Amar”) was not individually liable under an agreement executed on January 13, 1987, between Amar and plaintiff/appellant/Babbit Electronics, Inc. (“Babbit”). The agreement is clear and unequivocal that Amar executed the agreement in his individual capacity and not in any corporate capacity. Amar signed the agreement in his name, with no designation that he was signing for some other party. An unqualified and unambiguous signature imposes personal liability upon the party signing the agreement as a matter of law. New York Financial, Inc. v. J & W Holding Co., Inc., 396 So.2d 802 (Fla. 3d DCA 1981). Therefore, Amar is personally obligated to pay the $11,104.55 due under the agreement. Accordingly, the final judgment must be entered in favor of Babbit and against Amar for that amount, plus interest.
REVERSED AND REMANDED.
DELL, WALDEN and GUNTHER, JJ„ concur.