576 So.2d 421 (1991)
A-1 RACING SPECIALTIES, INC., Appellant,
v.
K & S IMPORTS OF BROWARD COUNTY, INC., a Florida Corporation, D/B/a K & S Imports, and Mark Klein, Individually, Appellees.
No. 89-2501.
District Court of Appeal of Florida, Fourth District.
March 20, 1991.
Theresa Bland Edwards of Theresa Bland Edwards, P.A., Fort Lauderdale, for appellant.
John P. Wilkes, Fort Lauderdale, for appellees.
POLEN, Judge.
In this case the appellant, A-1 Racing, entered into a contract with the appellee, K & S Imports, which required the payment by the appellee in the form of a check. Mr. Mark Klein, president of K & S, signed a corporate check pursuant to the contract, but Mr. Klein did not indicate that he was signing in his corporate capacity. According to the allegations in the second amended complaint, payment was stopped on the check after A-1 performed. A-1 Racing sued both K & S and Klein individually for payment on the check, adding a count for civil theft as well.
Klein moved to dismiss the action against him personally which the trial court granted. We reverse.
When a corporate officer signs a check without indicating his representative capacity, then he can be held personally liable. § 673.403, Fla. Stat. (1989); Newport Seafood, Inc. v. Neptune Trading Corp., 555 So.2d 376 (Fla.3d DCA 1989). Parol evidence is admissible to show whether the corporate officer was acting in his personal capacity or as a representative of the corporation, thus it was error for the trial court to dismiss the suit as to Klein personally without allowing the appellant to go forward with discovery of Klein. Oppenheim v. Jules Jergensen Corp., 385 So.2d 1078 (Fla.4th DCA 1980).
*422 Further, as to the count for civil theft, the corporate officer may be liable for torts committed even while acting as the representative of a corporate entity. McElveen v. Peeler, 544 So.2d 270 (Fla. 1st DCA 1989); Kerry's Bromeliad Nursery v. Reiling, 561 So.2d 1305 (Fla.3d DCA 1990). Therefore, it was error for the trial court to dismiss Klein from the suit without first resolving the issue of tort liability, possibly at summary judgment proceedings, or later at trial.
Finally, we grant the appellant's motion to strike a portion of the appellee's answer brief. The appellee did not file a notice of cross appeal yet there were arguments in the answer brief demanding affirmative relief. The answer brief went well beyond the scope of the appellant's initial brief. The appellee thereby violated Florida Rules of Appellate Procedure 9.110(g) and 9.210(c).
We reverse and remand with instructions that Mark Klein be rejoined as a party defendant to this action.
HERSEY, C.J., and WALDEN, JAMES H., (Retired) Associate Judge, concur.