PER CURIAM.
The plaintiffs, Jose and Beverly Perez-Villarreal, appeal from an adverse final summary judgment. We reverse. “Summary judgment is proper only where ‘the pleadings, depositions, answers to interrogatories and admissions on file together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.’ ” RCA Invs., Inc. v. Amerivend Corp., 581 So.2d 618 (Fla. 3d DCA 1991) (quoting Fla.R.Civ.P. 1.510(c)); see also, Holl v. Talcott, 191 So.2d 40 (Fla.1966); Newport Seafood, Inc. v. Neptune Trading Corp., 555 So.2d 376 (Fla. 3d DCA 1989).
After reviewing the record, we find that genuine issues of material fact exist regarding: 1) whether a mortgage loan commitment was issued before August 31, 1992; 2) if a loan commitment was issued, whether it was issued in writing; 3) if it was issued in writing, whether it was delivered to the sellers or the sellers’ agent before August 31, 1992; and 4) if a loan commitment was not issued before the date in question, whether the sellers granted an extension of time for the buyers to obtain a loan commitment. Since there are genuine issues of material fact remaining, entry of summary judgment in favor of the defendants is precluded. Elmariah v. Orange Memorial Hosp. Ass’n, Inc., 382 So.2d 755 (Fla. 5th DCA 1980).
Accordingly, we reverse and remand for further proceedings consistent with this opinion.